UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2005 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 05-1046 |
| Plaintiff, ) | I N D I C T M E N T |
| v. ) | [18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 2511(1)(a): Interception of Wire Communications; 18 U.S.C. § 2(a): Aiding and Abetting] |
| ANTHONY PELLICANO, ) RAYFORD EARL TURNER, ) KEVIN KACHIKIAN, ) ROBERT PFEIFER, ) ABNER NICHERIE, and ) DANIEL NICHERIE, ) | |
| Defendants. ) | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

A.  OBJECT OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury and continuing until on or about November 21, 2002, in Los Angeles County, within the Central District of California and elsewhere, defendants ANTHONY PELLICANO, RAYFORD EARL TURNER, and KEVIN KACHIKIAN, and others known and unknown to the Grand Jury,

Case 2:05-cr-01046-DSF   Document 1   Filed 10/26/05   Page 2 of 5   Page ID #:2

knowingly conspired and agreed with each other to intentionally intercept, endeavor to intercept, and procure other persons to intercept and endeavor to intercept wire communications, in violation of Title 18, United States Code, Section 2511(1)(a).

B.  **MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED**

The object of the conspiracy was to be accomplished, in substance, as follows:

1. At defendant PELLICANO's direction, defendant KACHIKIAN would develop, implement, and maintain a computer software program to facilitate the illegal interception of telephone calls.

2. At defendant PELLICANO's direction, defendant TURNER, a field technician for telephone company SBC (formerly Pacific Bell), would access proprietary telephone company databases and equipment to implement the illegal wiretaps.

3. Defendant PELLICANO would provide the computers used to implement the illegal wiretaps, would review the contents of intercepted conversations, and would ensure that defendants PELLICANO, TURNER, KACHIKIAN, and others known and unknown to the Grand Jury received payment for their services in connection with the illegal wiretaps.

C.  **OVERT ACTS**

In furtherance of the conspiracy and to accomplish the object of the conspiracy, defendants PELLICANO, TURNER, KACHIKIAN, and others known and unknown to the Grand Jury committed various overt acts on or about the following dates within the Central District of California and elsewhere,

including but not limited to the following:

1. Beginning in or around 1995, defendant KACHIKIAN began developing for defendant PELLICANO "Telesleuth," a computer software program to be used for the purpose of intercepting telephonic communications.

2. On or about March 11, 1996, defendant PELLICANO requisitioned engineering services necessary for the completion of hardware to be used in connection with the "Telesleuth" wiretapping program.

3. From in or around January 1997 to in or around September 2002, defendant PELLICANO paid defendant TURNER at least $37,305 for the purpose of obtaining proprietary telephone company information and facilitating illegal wiretaps.

4. On or about July 19, 2000, defendants PELLICANO and KACHIKIAN requisitioned Amuneal Manufacturing Corp. to create new metal housings for the circuit boards used in connection with the "Telesleuth" wiretapping program.

5. On or about August 2, 2000, defendant TURNER caused an inquiry to be made of a proprietary SBC computer database to obtain telephone information regarding E.F.

6. Between on or about August 2, 2000, and November 6, 2000, defendant PELLICANO used the "Telesleuth" program to intercept telephone communications of E.F.

7. Between in or around August 2000 and in or around December 2000, defendant PELLICANO used the "Telesleuth" program to intercept telephone communications of A.S.

COUNT TWO

[18 U.S.C. §§ 2511(1)(a), 2(a)]

Beginning on or about August 2, 2000, and continuing to at least on or about November 6, 2000, in Los Angeles County, within the Central District of California, defendants ANTHONY PELLICANO, RAYFORD EARL TURNER, and KEVIN KACHIKIAN intentionally intercepted, endeavored to intercept, and procured another person to intercept and endeavor to intercept, wire communications of E.F.

At the above time and place, defendant ROBERT PFEIFER aided, abetted, counseled, commanded, induced, and procured the commission of this offense.

COUNT THREE

[18 U.S.C. §§ 2511(1)(a), 2(a)]

Beginning in or around August 2000 and continuing to in or around December 2000, in Los Angeles County, within the Central District of California, defendants ANTHONY PELLICANO, RAYFORD EARL TURNER, and KEVIN KACHIKIAN intentionally intercepted, endeavored to intercept, and procured another person to intercept and endeavor to intercept, wire communications of A.S.

At the above time and place, defendants ABNER NICHERIE and DANIEL NICHERIE aided, abetted, counseled, commanded, induced, and procured the commission of this offense.

A TRUE BILL

/S/
_____
Foreperson

GEORGE S. CARDONA
Acting United States Attorney

THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division

DANIEL A. SAUNDERS
KEVIN M. LALLY
Assistant United States Attorneys
Organized Crime & Terrorism Section

5