THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
DANIEL A. SAUNDERS (Cal. Bar # 161051)
daniel.saunders@usdoj.gov
KEVIN M. LALLY (Cal. Bar # 226402)
kevin.lally@usdoj.gov
Assistant United States Attorneys
Violent & Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California  90012
     Telephone:  (213) 894-2272/2170
     Facsimile:  (213) 894-3713
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 05-1046(E)-DSF |
| | ) | |
| Plaintiff, | ) | TRIAL MEMORANDUM |
| | ) | |
| v. | ) | [18 U.S.C. § 371; 18 U.S.C. |
| | ) | § 1001: False Statements; 18 |
| ANTHONY PELLICANO, | ) | U.S.C. § 1028(a)(7): Identity |
| MARK ARNESON, | ) | Theft; 18 U.S.C. |
| RAYFORD EARL TURNER, | ) | §§ 1030(a)(2)(B), |
| KEVIN KACHIKIAN, and | ) | (c)(2)(B)(I): Unauthorized |
| ABNER NICHERIE, | ) | Computer Access of United |
| | ) | States Information for Profit; |
| Defendants. | ) | 18 U.S.C. § 1030(a)(4): |
| | ) | Computer Fraud; 18 U.S.C. |
| | ) | §§ 1343, 1346: Honest Services |
| | ) | Wire Fraud; 18 U.S.C. |
| | ) | § 1512(c)(1): Destruction of |
| | ) | Evidence; 18 U.S.C. § 1962©: |
| | ) | RICO; 18 U.S.C. § 1962(d): |
| | ) | RICO Conspiracy; 18 U.S.C. |
| | ) | § 1963: RICO Forfeiture; 18 |
| | ) | U.S.C. § 2511(a): Interception |
| | ) | of Wire Communications; 18 |
| | ) | U.S.C. § 2512: Possession of |
| | ) | Wiretapping Device; 18 U.S.C. |
| | ) | § 2(a): Aiding and Abetting] |
| | ) | |
| | ) | Trial Date: March 5, 2008 |
| | ) | Trial Time: 9:00 a.m. |
| | ) | |
| _____ | ) | |

The United States, by and through its counsel of record, Assistant United States Attorneys Daniel A. Saunders and Kevin M. Lally, hereby files its Trial Memorandum for the above-captioned case.

The government respectfully requests leave of the Court to supplement or modify this memorandum as may be appropriate.

DATED: February 28, 2008

Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

DANIEL A. SAUNDERS
KEVIN M. LALLY
Assistant United States Attorneys

Attorneys for Plaintiff
United States of America

TABLE OF CONTENTS

PAGE(S)

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . viii

I.    STATUS OF THE CASE . . . . . . . . . . . . . . . . . 3

II.   APPLICABLE STATUTES . . . . . . . . . . . . . . . . . 4

      A.  18 U.S.C. § 1962(C) (RICO) (count one) . . . . . 4

          1.  Statutory Language . . . . . . . . . . . . 4

          2.  Elements . . . . . . . . . . . . . . . . . 4

          3.  Applicable Law . . . . . . . . . . . . . . 5

              a.  Enterprise . . . . . . . . . . . . . . 5

              b.  Employed by or Associated with the
                  Enterprise . . . . . . . . . . . . . . 6

              c.  Conducted or Participated in the Affairs
                  of the Enterprise . . . . . . . . . . . 7

              d.  Effect on Interstate Commerce . . . . . 8

      B.  18 U.S.C. § 1962(d)(RICO Conspiracy) (count two) . 8

          1.  Statutory Language . . . . . . . . . . . . 8

          2.  Elements . . . . . . . . . . . . . . . . . 8

          3.  Applicable Law . . . . . . . . . . . . . . 9

      C.  18 U.S.C. §§ 1343, 1346 (Honest Services WireFraud)
          (racketeering acts one through sixty-seven; counts
          three through thirty-three) . . . . . . . . . . 12

          1.  Statutory Language . . . . . . . . . . . . 12

          2.  Elements . . . . . . . . . . . . . . . . . 12

          3.  Applicable Law . . . . . . . . . . . . . . 13

              a.  Parallel Construction of Fraud Statutes . 13

              b.  Non-disclosure and False Disclosure by a
                  Public Official . . . . . . . . . . . . 14

i

TABLE OF CONTENTS(CONTINUED)

PAGE(S)

        c.   Violations of State Law   . . . . . . . . 15

        d.   Proof of Loss Not Required   . . . . . . . 16

        e.   Fraudulent Intent   . . . . . . . . . . 16

        f.   Co-Schemer Liability   . . . . . . . . . 17

   D.   18 U.S.C. § 1030(a)(2),(c)(2)(B)(1) (Unauthorized
        Computer Access Of United States Information For
        Financial Gain) (counts thirty-four through sixty-
        four; seventy-seven through seventy-eight)   . . . . 18

        1.   Statutory Language   . . . . . . . . . . 18

        2.   Elements   . . . . . . . . . . . . . 19

        3.   Applicable Law   . . . . . . . . . . . 19

   E.   18 U.S.C. § 1028(a)(7) (Identity Theft)
        (racketeering acts sixty-eight through ninety-two;
        counts sixty-five through sixty-nine, seventy-nine
        through eighty-two, eighty-seven through ninety)   . 20

        1.   Statutory Language   . . . . . . . . . . 20

        2.   Elements   . . . . . . . . . . . . . 21

        3.   Applicable Law   . . . . . . . . . . . 21

   F.   18 U.S.C. § 1030(a)(4) (Computer Fraud) (counts
        seventy through seventy-four, eighty-three through
        eighty-six, ninety-one through ninety-four)   . . . . 23

        1.   Statutory Language   . . . . . . . . . . 23

        2.   Elements   . . . . . . . . . . . . . 23

        3.   Applicable Law   . . . . . . . . . . . 24

   G.   18 U.S.C. § 371 (Conspiracy) (counts ninety-five,
        one-hundred-six)   . . . . . . . . . . . . 24

        1.   Statutory Language   . . . . . . . . . . 24

        2.   Elements   . . . . . . . . . . . . . 25

TABLE OF CONTENTS(CONTINUED)

PAGE(S)

3.    Applicable Law  . . . . . . . . . . . . . 25

      a.    The Agreement  . . . . . . . . . . . 25

      b.    Participation in the Conspiracy  . . . . . 26

      c.    The Object . . . . . . . . . . . . . 27

      d.    Overt Acts . . . . . . . . . . . . . 28

      e.    Liability for Co-Conspirator Acts  . . . . 28

      f.    Proof of Conspiracy  . . . . . . . . . 30

      g.    Co-conspirator Declarations  . . . . . . 30

H.  18 U.S.C. § 2511 (Interception Of Wire
    Communications) (counts ninety-six through one-
    hundred-four, one-hundred seven)  . . . . . . . . 34

    1.    Statutory Language . . . . . . . . . . 34

    2.    Elements . . . . . . . . . . . . . . 34

I.  18 U.S.C. § 2512(1)(b) (Manufacture/Possession Of
    Wiretapping Device) (count one-hundred five)  . . . 34

    1.    Statutory Language  . . . . . . . . . . 34

    2.    Elements . . . . . . . . . . . . . . 35

J.  18 U.S.C. § 1001 (False Statements) (counts one-
    hundred-eight, one-hundred-nine)  . . . . . . . . 35

    1.    Statutory Language  . . . . . . . . . . 35

    2.    Elements . . . . . . . . . . . . . . 36

    3.    Applicable Law  . . . . . . . . . . . 36

K.  18 U.S.C. § 1512(c)(1) (Destruction Of Evidence)
    (count one-hundred-ten) . . . . . . . . . . . 39

    1.    Statutory Language . . . . . . . . . . 39

    2.    Elements . . . . . . . . . . . . . . 39

TABLE OF CONTENTS(CONTINUED)

PAGE(S)

3.   Applicable Law  . . . . . . . . . . . . . 40

L.   18 U.S.C. § 2 (Aiding and Abetting and Causing an
     Act to be Done) (all counts)  . . . . . . . . . . 40

     1.   Statutory Language  . . . . . . . . . . . 40

     2.   Elements  . . . . . . . . . . . . . . . 40

     3.   Applicable Law  . . . . . . . . . . . . . 41

M.   State Law Bribery (racketeering acts ninety-three
     through one-hundred twelve)  . . . . . . . . . . 42

     1.   Statutory Language  . . . . . . . . . . . 42

     2.   Elements  . . . . . . . . . . . . . . . 43

     3.   Applicable Law  . . . . . . . . . . . . . 43

N.   RICO Forfeiture (Count one-hundred-eleven)  . . . . . 45

     1.   Elements  . . . . . . . . . . . . . . . 45

     2.   Applicable Law  . . . . . . . . . . . . . 46

III.  STATEMENT OF FACTS  . . . . . . . . . . . . . . . 49

A.   THE ENTERPRISE  . . . . . . . . . . . . . . . 49

B.   THE WORKINGS OF THE ENTERPRISE  . . . . . . . . . 53

     1.   The Enterprise's Investigation of Robert
          Maguire (count 95 ¶ 67)  . . . . . . . . . 53

     2.   The Enterprise's Investigation of Jane Does 1-9
          (racketeering acts 1-2, 5-7, and 69-72)  . . . 54

     3.   The Enterprise's Investigation of Kissandra
          Cohen (racketeering acts 26-27, 74; count 95
          ¶ 72)  . . . . . . . . . . . . . . . . 56

     4.   The Enterprise's Investigation of Erin Finn
          (racketeering acts 28-29, 75, 88; count 96;
          count 95 ¶¶ 73-74)  . . . . . . . . . . . 57

iv

TABLE OF CONTENTS (CONTINUED)

PAGE(S)

5.  The Enterprise's Investigation of Ami
    Shafrir (Racketeering Act 83; count 97; count
    95 ¶ 76) . . . . . . . . . . . . . . . . . 59

6.  The Enterprise's Investigation of Lisa & Tom
    Gores (racketeering acts 32-33; count 98;
    count 95 ¶ 78) . . . . . . . . . . . . . . 60

7.  The Enterprise's Investigation of Vincent "Bo"
    Zenga racketeering acts 34-40, 89; counts 3-9,
    34-40, 87, 91, 100; count 95 ¶¶ 80-81) . . . . 62

8.  The Enterprise's Investigation of Keith
    Carradine (racketeering acts 42-43; counts
    10-11, 41-42, 102; count 95 ¶ 85) . . . . . . 64

9.  The Enterprise's Investigation of Aaron Russo
    (racketeering acts 50, 66-67, 84-87, 90;
    counts 18, 49, 75-86, 88, 92, 101; count 95
    ¶¶ 83-84) . . . . . . . . . . . . . . . . 65

10. The Enterprise's Investigation of Prosecution
    Witnesses in The Murder Trial of Kami Hoss
    (racketeering acts 44- 47; counts 12-15,
    43-46) . . . . . . . . . . . . . . . . . 67

11. The Enterprise's Investigation of Pamela
    Miller (racketeering acts 53-54, 57, 60-61;
    counts 21-22, 25, 28-29, 52-53, 56, 59-60) . . 68

12. The Enterprise's Investigation of Anita Busch
    (racketeering acts 55, 56, 58, 59, 92; counts
    23-24, 26-27, 54-55, 57-58, 90, 94, 104; count
    95 ¶¶ 90-91) . . . . . . . . . . . . . . . 70

C.  EFFORTS TO CONCEAL INVOLVEMENT IN, OR EVIDENCE OF,
    THE ENTERPRISE . . . . . . . . . . . . . . 72

    1.  Arneson False Statement (count 108) . . . . . 72

    2.  Turner False Statement (count 109) . . . . . 73

    3.  Kachikian's Destruction of the Telesleuth
        Wiretapping Program (count 110) . . . . . . 74

v

TABLE OF CONTENTS(CONTINUED)

PAGE(S)

IV.  **EVIDENTIARY ISSUES** . . . . . . . . . . . . . . . . . . . 75

A.  ADMISSIBILITY OF PHYSICAL EVIDENCE . . . . . . . . 75

1.  Authentication and Identification/Chain of
Custody . . . . . . . . . . . . . . . . . . 75

a.  Photographs . . . . . . . . . . . 77

b.  Recorded Conversations . . . . . . . . 77

c.  Handwriting . . . . . . . . . . . 80

2.  Items Found In A Defendant's Possession . . . 80

3.  Duplicates . . . . . . . . . . . . . . . . 81

4.  Business Records . . . . . . . . . . . . . 81

5.  Self-Authenticating Records . . . . . . . . 83

6.  Charts and Summaries . . . . . . . . . . . 83

B.  ADMISSIBILITY OF WITNESS TESTIMONY . . . . . . . . 88

1.  Direct And Adopted Admissions By Party Opponent 90

2.  Confession of a Co-Defendant/*Bruton*
Considerations . . . . . . . . . . . . . . 90

3.  Expert Testimony . . . . . . . . . . . . . 90

4.  Opinion Testimony of Non-Experts . . . . . . 91

5.  Hearsay . . . . . . . . . . . . . . . . . 91

a.  Definition . . . . . . . . . . . 91

b.  Statements Not Introduced for the Truth
of the Matter Asserted (e.g., Effect on
Hearer) . . . . . . . . . . . . . 92

c.  State of Mind Exception . . . . . . . . . 92

d.  Prior Inconsistent Statements . . . . . 92

TABLE OF CONTENTS(CONTINUED)

PAGE(S)

   e. Prior Consistent Statements . . . . . . . 93

  6. Hostile Witnesses . . . . . . . . . . 94

  7. Witness Invocation Of The Fifth Amendment Right
   Against Self Incrimination . . . . . . . . . 95

  8. Privilege Waiver Issues . . . . . . . . . 96

  9. Cross-Examination of Defendant . . . . . . . 97

  10. Cross Examination - General Witnesses . . . . 98

  11. Defendant's Character Witnesses . . . . . . . 99

  12. Defendant's Testimony Regarding Character/
   Impeachment By Contradiction . . . . . . . 100

C. MISCELLANEOUS . . . . . . . . . . . . . . 101

  1. Judicial Notice . . . . . . . . . . . 101

  2. Reciprocal Discovery . . . . . . . . . . 102

  3. Waiver of Rule 12(b) Motions . . . . . . . 102

TABLE OF AUTHORITIES

**CASES:**                                                              **PAGE(S)**

Alexander v. United States,
   509 U.S. 544 (1993) . . . . . . . . . . . . . . . . . . 46

Arthur Anderson LLP v. United States,
   544 U.S. 696 (2005) . . . . . . . . . . . . . . . . . . 40

Act Up!/Portland v. Bagley,
   988 F.2d 868 (9th Cir. 1993) . . . . . . . . . . . . . 82

Barsky v. United States,
   339 F.2d 180 (9th Cir. 1964) . . . . . . . . . . . . . 85

Biggs v. Terhune,
   334 F.3d 910 (9th Cir. 2003) . . . . . . . . . . . . . 101

Blumenthal v. United States,
   332 U.S. 539 (1947) . . . . . . . . . . . . . . . . . . 26

Bourjaily v. United States,
   483 U.S. 171 (1987) . . . . . . . . . . . . . . . . 31, 82

Braverman v. United States,
   317 U.S. 49, 54 (1942) . . . . . . . . . . . . . . . . 27

Bruton v. United States,
   391 U.S. 123 (1968) . . . . . . . . . . . . . . . . . . 90

Chavez v. United States,
   275 F.2d 813 (9th Cir. 1960) . . . . . . . . . . . . . 28

Crawford v. Washington,
   541 U.S. 36 (2004) . . . . . . . . . . . . . . . . . . 31

Diamond Shamrock Corp. v. Lumbermens Mutual Casualty Co.,
   466 F.2d 722 (7th Cir. 1972) . . . . . . . . . . . . . 88

Frohwerk v. United States,
   249 U.S. 204 (1919) . . . . . . . . . . . . . . . . . . 27

Gallego v. United States,
   276 F.2d 914 (9th Cir. 1960) . . . . . . . . . . . 76, 77

Garlington v. O'Leary,
   879 F.2d 277 (7th Cir. 1989) . . . . . . . . . . . . . 33

viii

TABLE OF AUTHORITIES (CONTINUED)

**CASES:**                                                        **PAGE(S)**

Glasser v. United States,
  315 U.S. 60 (1942) . . . . . . . . . . . . . . . . . . . 11

H.J. Inc. v. Northwestern Bell Telephone Co.,
  492 U.S. 229 (1989) . . . . . . . . . . . . . . . . . . . 7

Hall v. United Insurance Company of America,
  367 F.3d 1255 (11th Cir. 2004) . . . . . . . . . . . . . 80

Haney v. Mizell Memorial Hosp.,
  744 F.2d 1467 (11th Cir. 1984) . . . . . . . . . . . . . 94

Kennedy v. Los Angeles Police Dept.,
  901 F.2d 702 (9th Cir. 1989) . . . . . . . . . . . . . . 82

Kungys v. United States,
  485 U.S. 759 (1988) . . . . . . . . . . . . . . . . . . . 37

La Porta v. United States,
  300 F.2d 878 (9th Cir. 1962) . . . . . . . . . . . . . . 83

Libretti v. United States,
  516 U.S. 29 (1995) . . . . . . . . . . . . . . . . . . . 46

Lucero v. Stewart,
  892 F.2d 52 (9th Cir. 1989) . . . . . . . . . . . . . . 77

Michelson v. United States,
  335 U.S. 469 (1948) . . . . . . . . . . . . . . . . 99-100

Odom v. Microsoft Corporation,
  486 F.3d 541 (9th Cir. 2007) . . . . . . . . . . . . 5, 6

Ohio v. Roberts,
  448 U.S. 56 (1980) . . . . . . . . . . . . . . . . . . 82

Orsini v. O/S Seabrooke O.N.,
  247 F.3d 953 (9th Cir. 2001) . . . . . . . . . . . . . 92

Palos v. United States,
  416 F.2d 438 (5th Cir. 1969) . . . . . . . . . . . . . 72

People v. Bringham,
  72 Cal. App.2d 1, 6-7 (2d Dist. 1945) . . . . . . . . 44

TABLE OF AUTHORITIES (CONTINUED)

**CASES:**                                                          PAGE(S)

People v. Pacheco,
  263 Cal.App.2d 555, 557 (1968)  . . . . . . . . . . . . .  43

Pinkerton v. United States,
  328 U.S. 640 (1946) . . . . . . . . . . . . . . . . . . 10, 28

Reves v. Ernst & Young,
  507 U.S. 170 (1993) . . . . . . . . . . . . . . . . . .  7

Reyes v. United States,
  383 F.2d 734 (9th Cir. 1967)  . . . . . . . . . . . . . .  77

Richardson v. Marsh,
  481 U.S. 200 (1987) . . . . . . . . . . . . . . . . . .  90

Russello v. United States,
  464 U.S. 16 (1983)  . . . . . . . . . . . . . . . . . .  47

Salinas v. United States,
  552 U.S. 52 (1997)  . . . . . . . . . . . . . . . . . . 9-11

Securities Exchange Commission v. Franklin,
 348 F.Supp.2d 1159 . . . . . . . . . . . . . . . . . . .  83

Sedima v. Imex Company Inc.,
  473 U.S. 479 (1985) . . . . . . . . . . . . . . . . . .  5

Sendejas v. United States,
  428 F.2d 1040 (9th Cir. 1970)  . . . . . . . . . . . . .  32

Tome v. United States,
  513 U.S. 150 (1995) . . . . . . . . . . . . . . . . . .  93

United States v. Abbas,
  504 F.2d 123 (9th Cir. 1974)  . . . . . . . . . . . . . .  86

United States v. Abushi,
  682 F.2d 1289 (9th Cir. 1982)  . . . . . . . . . . . . .  26

United States v. Amlani,
  169 F.3d 1189 (9th Cir. 1999)  . . . . . . . . . . . . .  96

United States v. Amrep Corp.,
  545 F.2d 797 (2d Cir. 1976) . . . . . . . . . . . . . .  17

TABLE OF AUTHORITIES (CONTINUED)

**CASES:**                                                          **PAGE(S)**

United States v. Andressan,
   813 F.2d 1450 (9th Cir. 1987) . . . . . . . . . . . . . 91

United States v. Antelope,
   395 F.3d 1128 (9th Cir. 2005) . . . . . . . . . . . 95, 96

United States v. Arambula-Ruiz,
   987 F.2d 599 (9th Cir. 1993) . . . . . . . . . . . . . 32

United States v. Arias-Villanueva,
   998 F.2d 1491 (9th Cir. 1993) . . . . . . . . . . . . 33

United States v. Armijo,
   5 F.3d 1229 (9th Cir. 1993) . . . . . . . . . . . . . 93

United States v. Bagnariol,
   665 F.2d 877 (9th Cir. 1981) . . . . . . . . . . . . . 8

United States v. Baker,
   10 F.3d 1374 (9th Cir. 1993) . . . . . . . . . . . . . 87

United States v. Bao,
   189 F.3d 860 (9th Cir. 1999) . . . . . . . . . . . . . 93

United States v. Barker,
   735 F.2d 1280 (11th Cir. 1984) . . . . . . . . . . . . 80

United States v. Barnes,
   604 F.2d 121 (2d Cir. 1979) . . . . . . . . . . . . . 34

United States v. Bassey,
   613 F.2d 198 (9th Cir. 1979) . . . . . . . . . . . 78, 82

United States v. Baxter,
   492 F.2d 150 (9th Cir. 1973) . . . . . . . . . . . . . 26

United States v. Becker,
   720 F.2d 1033 (9th Cir. 1983) . . . . . . . . . . . . 26

United States v. Berger,
   473 F.3d 1080 (9th Cir. 2007) . . . . . . . . . . . . 36

United States v. Bernhardt,
   840 F.2d 1441 (9th Cir. 1988) . . . . . . . . . . . . 16

TABLE OF AUTHORITIES (CONTINUED)

**CASES:**                                                    **PAGE(S)**

United States v. Bibero,
  749 F.2d 586 (9th Cir. 1984) . . . . . . . . . . . . . . 30

United States v. Blackwell,
  694 F.2d 1325 (D.C. Cir. 1982) . . . . . . . . . . . . . 76

United States v. Blackwood,
  878 F.2d 1200 (9th Cir. 1989) . . . . . . . . . . . . . 75

United States v. Bohonus,
  628 F.2d 1167 (9th Cir. 1980) . . . . . . . . . . . . . 14

United States v. Bonanno,
  487 F.2d 654 (2d Cir. 1973) . . . . . . . . . . . . . . 79

United States v. Boone,
  951 F.2d 1526 (9th Cir. 1991) . . . . . . . . . . . . . 25

United States v. Brogan,
  522 U.S. 398 (1998) . . . . . . . . . . . . . . . . 37, 38

United States v. Brooks,
  473 F.2d 817 (9th Cir. 1973) . . . . . . . . . . . . . . 92

United States v. Browne,
  505 F.3d 1229 (11th Cir. 2007) . . . . . . . . . . . . . 48

United States v. Burreson,
  643 F.2d 1344 (9th Cir. 1981) . . . . . . . . . . . 28, 86

United States v. Carlson,
  423 F.2d 431 (9th Cir. 1970) . . . . . . . . . . . . . . 80

United States v. Caporale,
  806 F.2d 1487 (11 th Cir. 1986) . . . . . . . . . . . . 48

United States v. Casey,
  444 F.3d 1071 . . . . . . . . . . . . . . . . . . . . . 47

United States v. Castillo,
  181 F.3d 1129 (9th Cir. 1999) . . . . . . . . . . . . . 101

United States v. Castro,
  887 F.2d 998 (9th Cir. 1987) . . . . . . . . . . . . . . 92

United States v. Castro,
  89 F.3d 1443 (11th Cir. 1997) . . . . . . . . . . . . . 11

xii

TABLE OF AUTHORITIES (CONTINUED)

**CASES:**                                                                                    **PAGE(S)**

United States v. Castro,
  972 F.2d 1107 (9th Cir. 1992) . . . . . . . . . . . . . . . . 30

United States v. Catabran,
  36 F.2d 453 (9th Cir. 1982) . . . . . . . . . . . . . . . . . 87

United States v. Chu Kong Yin,
  935 F.2d 990 (9th Cir. 1991) . . . . . . . . . . . . . . . . 75

United States v. Cloud,
  872 F.2d 846 (9th Cir. 1989) . . . . . . . . . . . . . . . . 25

United States v. Corrado,
  227 F.3d 543 (6th Cir. 2000) . . . . . . . . . . . . . . . . 48

United States v. Crespo de Llano,
  838 F.2d 1006 (9th Cir. 1987) . . . . . . . . . . . . . . . 31

United States v. Cuozzo,
  962 F.2d 945 (9th Cir. 1992) . . . . . . . . . . . . . . . . 97

United States v. Cusino,
  694 F.2d 185 (9th Cir. 1982) . . . . . . . . . . . . . . . . 14

United States v. De Peri,
  778 F.2d 963 (3rd Cir. 1985) . . . . . . . . . . . . . . . 85

United States v. De Bright,
  730 F.2d 1255 (9th Cir. 1984) . . . . . . . . . . . . . . . 77

United States v. DeFries,
  129 F.3d 1293 (D.C. Cir. 1997) . . . . . . . . . . . . . . . 47

United States v. Diecidue,
  603 F.2d 535 (5th Cir. 1979) . . . . . . . . . . . . . . . . 11

United States v. Diggs,
  649 F.2d 731 (9th Cir. 1981), . . . . . . . . . . . . . . . 17

United States v. Dixon,
  562 F.2d 1138 (9th Cir. 1977) . . . . . . . . . . . . . . . 32

U.S. v. Doe,
  125 F.3d 1249 (9th Cir. 1997) . . . . . . . . . . . . . . . 96

xiii

TABLE OF AUTHORITIES (CONTINUED)

**CASES:**                                                                    **PAGE(S)**

United States v. Earles,
  955 F.2d 1175 (8th Cir. 1992) . . . . . . . . . . . . . . . 18

United States v. Echeverry,
  759 F.2d 1451 (9th Cir. 1985)  . . . . . . . . . . . . . . 33

United States v. Edwards,
  303 F.3d 606 (5th Cir. 2002)  . . . . . . . . . . . . . . 48

United States v. Elliott,
  571 F.2d 880 (5th Cir. 1978)  . . . . . . . . . . . . 11, 12

United States v. Federbush,
  625 F.2d 246 (9th Cir. 1980)  . . . . . . . . . . . . . . 18

United States v. Fern,
  696 F.2d 1269 (11th Cir. 1983)  . . . . . . . . . . . . . 39

United State v. Fernandez,
  388 F.3d 1199 (9th Cir. 2004) . . . . . . . . . . . 7, 8, 11

United States v. Fleishman,
  684 F.2d 1329 (9th Cir. 1982)  . . . . . . . . . . 30, 32, 90

United States v. Franco,
  874 F.2d 1136 (7th Cir. 1989)  . . . . . . . . . . . . . . 82

United States v. Frederick,
  78 F.3d 1370 (9th Cir. 1996) . . . . . . . . . . . . . . 93

United States v. Frega,
  179 F.3d 793 (9th Cir. 1999)  . . . . . . . . . . 14, 16, 44

United States v. Gay,
  967 F.2d 322 (9th Cir. 1992)  . . . . . . . . . . . . . . 98

United States v. Garcia-Guizar,
  160 F.3d 511 (9th Cir. 1998)  . . . . . . . . . . . . . . 48

United States v. Gardner,
  611 F.2d 770 (9th Cir. 1980)  . . . . . . . . . . . . . . 86

United States v. Garza,
  980 F.2d 546 (9th Cir. 1992)  . . . . . . . . . . . . 25, 26

TABLE OF AUTHORITIES (CONTINUED)

**CASES:**                                                      **PAGE(S)**

United States v. Giese,
  597 F.2d 1170 (9th Cir. 1979) . . . . . . . . . . . . 100, 101

United States v. Ginsburg,
  773 F.3d 798 (7th Cir. 1985)  . . . . . . . . . . . . . 48

United States v. Golden,
  532 F.2d 1244 (9th Cir. 1976) . . . . . . . . . . . . . 91

United States v. Goldfine,
  538 F.2d 815 (9th Cir. 1976)  . . . . . . . . . . . 38, 39

United States v. Goode,
  814 F.2d 1353 (9th Cir. 1987) . . . . . . . . . . . . . 95

United States v. Guzman,
  849 F.2d 447 (9th Cir. 1988)  . . . . . . . . . . . . . 27

United States v. Harrington,
  923 F.2d 1371 (9th Cir. 1991) . . . . . . . . . . . . . 76

United States v. Hathaway,
  798 F.2d 902 (6th Cir. 1986)  . . . . . . . . . . . . . 82

United States v. Hegwood,
  977 F.2d 492 (9th Cir. 1992)  . . . . . . . . . . . . . 26

United States v. Hernandez,
  876 F.2d 774 (9th Cir. 1989)  . . . . . . . . . . . . . 25

United States v. Hines,
  472 F.3d 1038 (8th Cir. 2007) . . . . . . . . . . . . . 22

United States v. Hoffman,
  341 U.S. 479 (1951) . . . . . . . . . . . . . . . . . . 95

United States v. Hubbard,
  96 F.3d 1227 (9th Cir. 1996) . . . . . . . . . . . . 16, 27

United States v. Huber,
  772 F.2d 585 (9th Cir. 1985) . . . . . . . . . . . . . . 82

United States v. Hurtado,
  508 F.3d 603 (11th Cir. 2007) . . . . . . . . . . . . . 22

TABLE OF AUTHORITIES (CONTINUED)

**CASES:**                                                              PAGE(S)

United States v. Indelicato,
  800 F.2d 1482 (9th Cir. 1986) . . . . . . . . . . . . . . . 28

United States v. Jackson,
  155 F.3d 942 (8th Cir. 1998) . . . . . . . . . . . . . . . 22

United States v. Jackson,
  845 F.2d 880 (9th Cir. 1988) . . . . . . . . . . . . . . . 16

United States v. Jimenez,
  507 F.3d 13 (1st Cir. 2007) . . . . . . . . . . . . . . . 21

United States v. Johnson,
  594 F.2d 1253 (9th cir. 1979) . . . . . . . . . . . . . . . 83

United States v. Jones,
  425 F.2d 1048(9th Cir. 1979) . . . . . . . . . . . . . . . 16

United States v. King,
  472 F.2d 1 (9th Cir. 1973) . . . . . . . . . . . . . . . 73

United States v. King,
  587 F.2d 956 (9th Cir. 1978) . . . . . . . . . . . . . . . 75

United States v. Klopf,
  423 F.3d 1228 (11th Cir. 2005) . . . . . . . . . . . 21, 22

United States v. Krasn,
  614 F.2d 1229 (9th Cir. 1980) . . . . . . . . . . . . . . . 29

United States v. Krasovich,
  819 F.2d 253 (9th Cir. 1987) . . . . . . . . . . . . . . . 25

United States v. Larsen,
  441 F.2d 512 (9th Cir. 1971) . . . . . . . . . . . . . . . 17

United States v. Layton,
  720 F.2d 548 (9th Cir. 1983) . . . . . . . . . . . . . . . 32

United States v. Leal,
  509 F.2d 122 (9th Cir. 1975) . . . . . . . . . . . . . . . 79

United States v. Lechuga,
  888 F.2d 1472 (5th Cir. 1989) . . . . . . . . . . . . 32, 33

xvi

TABLE OF AUTHORITIES (CONTINUED)

**CASES:**                                                           **PAGE(S)**

United States v. Lemire,
  720 F.2d 1327   . . . . . . . . . . . . . . . . . . . 87

United States v. Lewis,
  787 F.2d 1318 (9th Cir. 1986) . . . . . . . . . . . . . 29

United States v. Lopez-Lukis,
  102 F.3d 1164 (11th Cir. 1997)  . . . . . . . . . . . 16

United States v. Lothian,
  976 F.2d 1257 (9th Cir. 1992) . . . . . . . . . . . . . 18

United States v. Louderman,
  576 F.2d 1383 (9th Cir. 1978) . . . . . . . . . . . . . 14

United States v. Loya,
  807 F.2d 1483 (9th Cir. 1987) . . . . . . . . . . . . . 31

United States v. Luttrell,
  889 F.2d 806 (9th Cir. 1989)  . . . . . . . . . . 25, 27, 28

United States v. Mann,
  811 F.2d 495 (9th Cir. 1987) . . . . . . . . . . . . . 41

United States v. Marin,
  669 F.2d 73 (2d Cir. 1982)  . . . . . . . . . . . . . 89

United States v. Mason,
  658 F.2d 1263 (9th Cir. 1981) . . . . . . . . . . . . . 32

United States v. Matta-Ballesteros,
  71 F.3d 754 (9th Cir. 1995)  . . . . . . . . . . . . . 78

United States v. Matthews,
  505 F.3d 698 (7th Cir. 2007) . . . . . . . . . . . . . 40

United States v. McBane,
  433 F.3d 344 (3d Cir. 2005) . . . . . . . . . . . . . 38

United States v. McConney,
  728 F.2d 1195 (9th Cir. 1984)  . . . . . . . . . . . 17

United States v. McCollom,
  664 F.2d 56 (5th Cir. 1981) . . . . . . . . . . . . . 100

xvii

TABLE OF AUTHORITIES (CONTINUED)

**CASES:**                                                          **PAGE(S)**

United States v. McKenna,
  327 F.3d 830 (9th Cir. 2003)  . . . . . . . . . . . . . . 37

United States v. McKoy,
  771 F.2d 1207 (9th Cir. 1985) . . . . . . . . . . . . . . 41

United States v. McMillan,
  508 F.2d 101 (8th Cir. 1974)  . . . . . . . . . . . . . . 77

United States v. Medina,
  940 F.2d 1247 (9th Cir. 1991) . . . . . . . . . . . . . . 25

United States v. Melchor-Lopez,
  627 F.2d 886 (9th Cir. 1980)  . . . . . . . . . . . . . . 25

United States v. Melton,
  689 F.2d 679 (7th Cir. 1982)  . . . . . . . . . . . . . . 17

United States v. Miller,
  664 F.2d 94 (5th Cir. 1981)  . . . . . . . . . . . . . . . 34

United States v. Miller,
  874 F.2d 1255 (9th Cir. 1989) . . . . . . . . . . . . . . 92

United States v. Miller,
  984 F.2d 1028 (9th Cir. 1993) . . . . . . . . . . . . . . 103

United States v. Murray,
  751 F.2d 1528 (9th Cir. 1985) . . . . . . . . . . . . . . 27

United States v. Myers,
  847 F.2d 1408 (9th Cir. 1988) . . . . . . . . . . . . . . 85

United States v. Nakai,
  413 F.3d 1019 (9th Cir. 2005) . . . . . . . . . . . . . . 89

United States v. Natale,
  526 F.2d 1160 (2d Cir. 1975)  . . . . . . . . . . . . . . 76

United States v. Nava,
  404 F.3d 1119 (9th Cir. 2005) . . . . . . . . . . . . . . 47

TABLE OF AUTHORITIES (CONTINUED)

**CASES:**                                                              PAGE(S)

United States v. Nixon,
  418 U.S. 683 (1974) . . . . . . . . . . . . . . . . . 32

United States v. Olano,
  62 F.3d 1180 (9th Cir. 1995) . . . . . . . . . . 29, 87

United States v. Oreto,
  37 F.3d 739(1st Cir. 1994) . . . . . . . . . . . . . 7

United States v. Ortega,
  203 F.3d 675 (9th Cir. 2000) . . . . . . . . . . . 89

United States v. Ospina,
  739 F.2d 448 (9th Cir. 1984) . . . . . . . . . . 80, 88

United States v. Pacheco-Lovio,
  463 F.2d 232 (9th Cir. 1972) . . . . . . . . . . . 81

United States v. Payne,
  474 F.2d 603 (9th Cir. 1973) . . . . . . . . . . . 17

United States v. Pearce,
  65 F.3d 22 (4th Cir. 1995) . . . . . . . . . . . . 22

United States v. Peters,
  962 F.2d 1410 (9th Cir. 1992) . . . . . . . . . . . 17

United States v. Plunk,
  153 F.3d 1011 (9th Cir.) . . . . . . . . . . . . . 78

United States v. Poliak,
  823 F.2d 371 (9th Cir. 1987) . . . . . . . . . . . 14

United States v. Poschatta,
  829 F.2d 1477 (9th Cir. 1987) . . . . . . . . . . . 86

United States v. Price,
  623 F.2d 587 (9th Cir. 1980) . . . . . . . . . . . 17

United States v. Quintero-Barraza,
  78 F.3d 1344 (9th Cir. 1996) . . . . . . . . . . . 102

United States v. Radseck,
  718 F.2d 233 (7th Cir. 1983) . . . . . . . . . . . 85

TABLE OF AUTHORITIES (CONTINUED)

**CASES:**                                                          **PAGE(S)**

United States v. Rasheed,
  663 F.2d 843 (9th Cir. 1981) . . . . . . . . . . . . . . . 16

United States v. Ray,
  930 F.2d 1368 (9th Cir. 1990) . . . . . . . . . . . . . . 82

United States v. Reed,
  726 F.2d 570 (9th Cir. 1984) . . . . . . . . . . . . . . . 29

United States v. Reese,
  775 F.2d 1066 (9th Cir. 1985) . . . . . . . . . . . . . . 26

United States v. Rogers,
  466 U.S. 475 (1984) . . . . . . . . . . . . . . . . . . . 36

United States v. Rone,
  598 F.2d 564 (9th Cir. 1979) . . . . . . . . . . . . . . . 8

United States v. Ross,
  321 F.2d 61 (2d Cir. 1963) . . . . . . . . . . . . . . . . 79

United States v. Rrapi,
  175 F.3d 742 (9th Cir. 1999) . . . . . . . . . . . . . . . 80

United States v. Rubino,
  431 F.2d 284 (6th Cir. 1970) . . . . . . . . . . . . . . . 85

United States v. Saavedra,
  684 F.2d 1293 (9th Cir. 1982) . . . . . . . . . . . . . . 30

United States v. Santana-Camacho,
  931 F.2d 966 (1st Cir. 1991) . . . . . . . . . . . . . . . 99

United States v. Santiago,
  837 F.2d 1545 (11th Cir. 1988) . . . . . . . . . . . . . . 33

United States v. Sawyer,
  239 F.3d 31 (1st Cir. 2001) . . . . . . . . . . . . . 14, 15

United States v. Sawyer,
  607 F.2d 1190 (7th Cir. 1977) . . . . . . . . . . . . . . 79

United States v. Sawyer,
  85 F.3d 713 (1st Cir. 1996) . . . . . . . . . . . . . . . 15

xx

TABLE OF AUTHORITIES (CONTINUED)

**CASES:**                                                                PAGE(S)

United States v. Schmit,
  881 F.2d 608 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . 32

United States v. Scotto,
  641 F.2d 47 (2d Cir. 1980) . . . . . . . . . . . . . . . . . . . 8

United States v. Service Deli Inc.,
  151 F.3d 938 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . 39

United States v. Shirley,
  884 F.2d 1130 (9th Cir. 1989) . . . . . . . . . . . . . . . . . 87

United States v. Simmons,
  154 F.3d 765 (8th Cir. 1998) . . . . . . . . . . . . . . . . . . 47

United States v. Skeet,
  665 F.2d 983 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . 91

United States v. Skillman,
  922 F.2d 1370 (9th Cir. 1990) . . . . . . . . . . . . . . . . . 81

United States v. Smith,
  891 F.2d 703 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . 27

United States v. Smith,
  893 F.2d 1573 (9th Cir. 1990) . . . . . . . . . . . . . . . 79, 81

United States v. Soulard,
  730 F.2d 1292 (9th Cir. 1984) . . . . . . . . . . . . . . . . . 88

United States v. Spawr Optical Research, Inc.,
  685 F.2d 1076 (9th Cir. 1982) . . . . . . . . . . . . . . . . . 32

United States v. Stauffer,
  922 F.2d 508 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . 27

United States v. Stuart,
  718 F.2d 931 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . 93

United States v. Sutcliffe,
  505 F.3d 944 (9th Cir. 2007) . . . . . . . . . . . . . . . 22, 23

United States v. Sutherland,
  656 F.2d 1181 (5th Cir. 1981) . . . . . . . . . . . . . . . . . 11

TABLE OF AUTHORITIES (CONTINUED)

**CASES:**                                                                    **PAGE(S)**

United States v. Sutton,
  426 F.2d 1202 (D.C. Cir. 1969)  . . . . . . . . . . . . . 76

United States v. Taghipour,
  964 F.2d 908 (9th Cir. 1992)  . . . . . . . . . . . . . . 77

United States v. Taylor,
  802 F.2d 1108 (9th Cir. 1986)  . . . . . . . . . . . . . 32

United States v. Thomas,
  586 F.2d 123 (9th Cir. 1978)  . . . . . . . . . . . 26, 78

United States v. Tille,
  729 F.2d 615 (9th Cir. 1984)  . . . . . . . . . . . . . . 33

United States v. Tipton,
  964 F.2d 650 (7th Cir. 1992)  . . . . . . . . . . . . . . 80

United States v. Tornabene,
  687 F.2d 312 (9th Cir. 1982)  . . . . . . . . . . . . . . 77

United States v. Torres,
  908 F.2d 1417 (9th Cir. 1990)  . . . . . . . . . . . . . 78

United States v. Traylor,
  656 F.2d 1326 (9th Cir. 1981)  . . . . . . . . . . . . . 32

United States v. Turkette,
  452 U.S. 576 (1981)  . . . . . . . . . . . . . . . . . 5, 6

United States v. Turner,
  528 F.2d 143 (9th Cir. 1975)  . . . . . . . . . . . 77, 78

United States v. Umagat,
  998 F.2d 770 (9th Cir. 1993)  . . . . . . . . . . . . . . 29

United States v. Vaccaro,
  816 F.2d 443 (9th Cir. 1987)  . . . . . . . . . . . . . . 41

United States v. Valles-Vallencia,
  811 F. 2d 1232 (9th Cir. 1987)  . . . . . . . . . . . . . 88

United States v. Vasquez,
  858 F.2d 1387 (9th Cir. 1988)  . . . . . . . . . . . . . 29

xxii

TABLE OF AUTHORITIES (CONTINUED)

**CASES:**                                                                    PAGE(S)

United States v. Vaughn,
  797 F.2d 1485 (9th Cir. 1986) . . . . . . . . . . . . . . . 17, 41

United States v. Vavages,
  151 F.3d 1185 (1998) . . . . . . . . . . . . . . . . . . 95, 96

United States v. Vega-Limon,
  548 F.2d 1390 (9th Cir. 1977) . . . . . . . . . . . . . . . . 30

United States v. Vento,
  533 F.2d 838 (3d Cir. 1976) . . . . . . . . . . . . . . . . 79

United States v. Villarreal,
  253 F.3d 831 (5th Cir. 2001) . . . . . . . . . . . . . . . 22

United States v. Waymer,
  55 F.3d 5641 (11th Cir. 1995) . . . . . . . . . . . . . . . 15

United States v. Whitaker,
  848 F.2d 914 (8th Cir. 1988) . . . . . . . . . . . . . . . 39

United States v. Whittington,
  783 F.2d 1210 (5th Cir. 1986) . . . . . . . . . . . . . . . 80

United States v. Williams,
  441 F.3d 716 (9th Cir. 2006) . . . . . . . . . . . . . . . 14

United States v. Williams,
  989 F.2d 1061 (9th Cir. 1993) . . . . . . . . . . . . . . . 32

United States v. Wood,
  943 F.2d 1048 (9th Cir. 1991) . . . . . . . . . . . . . . . 86

United States v. Woodward,
  149 F.3d 46 (1st Cir. 1998) . . . . . . . . . . . . . . . 15

United States v. Yarbrough,
  852 F.2d 1522 (9th Cir. 1988) . . . . . . . . . . . . . 32, 33

United States v. Yermian,
  468 U.S. 63 (1984) . . . . . . . . . . . . . . . . . . . 37

United States v. Young,
  248 F.3d 260 (4th Cir. 2001) . . . . . . . . . . . . . . . 102

TABLE OF AUTHORITIES (CONTINUED)

**CASES:**                                                    PAGE(S)

United States v. Zavala-Serra,
  853 F.2d 1512 (9th Cir. 1988) . . . . . . . . . . . 31, 32

Van Ripper v. United States,
  13 F.2d 961 (2d Cir. 1926)  . . . . . . . . . . . . . 77

Williamson v. United States,
  512 U.S. 594 (1994) . . . . . . . . . . . . . . . . . 87

Yates v. United States,
  354 U.S. 298 (1957) . . . . . . . . . . . . . . . . . 27


**STATUTES:**

5 U.S.C. § 101 . . . . . . . . . . . . . . . . . . . . . 19

18 U.S.C. § 2 . . . . . . . . . . . . . . . . . . . . . 39

18 U.S.C. § 371 . . . . . . . . . . . . . . . . . 1, 11, 25

18 U.S.C. § 1028(a)(7) . . . . . . . . . . . . . 1, 21, 50

18 U.S.C. § 1030(a)(4) . . . . . . . . . . . . . . 1, 23

8 U.S.C. § 1030(e)(6) . . . . . . . . . . . . . . . . . 19

18 U.S.C. § 1341 . . . . . . . . . . . . . . . . . . . . 13

18 U.S.C. § 1343 . . . . . . . . . . . . . . . 13, 14, 50

18 U.S.C. § 1512 . . . . . . . . . . . . . . . . . . . . 40

18 U.S.C. § 1961 . . . . . . . . . . . . . . . . . 6, 7, 9

18 U.S.C. § 1962 . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 1962(d) . . . . . . . . . . . . . . . . . 1, 8

18 U.S.C. § 2511 . . . . . . . . . . . . . . . . . . 1, 34

18 U.S.C. § 2512 . . . . . . . . . . . . . . . . . . 1, 50

TABLE OF AUTHORITIES (CONTINUED)

**RULES:**                                                                    PAGE(S)

California Penal Code Section 7 . . . . . . . . . . . . . 42, 43

California Penal Code Section 67  . . . . . . . . . . . . . . 42

California Penal Code Section 68  . . . . . . . . . . . . . . 42

Fed. R. Crim. Pro. 12(e)  . . . . . . . . . . . . . . 102

Fed. R. Evid. 100 . . . . . . . . . . . . . . . . . . 79

Fed. R. Evid. 104 . . . . . . . . . . . . . . . . . . 82

Fed. R. Evid. 201 . . . . . . . . . . . . . . . . . . 101

Fed. R. Evid. 405 . . . . . . . . . . . . . . . . . . 100

Fed. R. Evid. 608 . . . . . . . . . . . . . . . . . . 98

Fed. R. Evid. 613 . . . . . . . . . . . . . . . . . . 92

Fed. R. Evid. 701 . . . . . . . . . . . . . . . . . . 91

Fed. R. Evid. 702 . . . . . . . . . . . . . . . . . . 90

Fed. R. Evid 704  . . . . . . . . . . . . . . . . . . 90

Fed. R. Evid. 801 . . . . . . . . . . . . . . . . . . 90

Fed. R. Evid. 801 . . . . . . . . . . . . . . . 92, 93, 94

Fed. R. Evid. 803 . . . . . . . . . . . . . . . . 81, 92

Fed. R. Evid. 901 . . . . . . . . . . . . . . . . . . 78

Fed. R. Evid. 902 . . . . . . . . . . . . . . . . . . 84

Fed. R. Evid. 905 . . . . . . . . . . . . . . . . . . 78

Fed. R. Evid. 1004 . . . . . . . . . . . . . . . . . . 87

# I.

## **STATUS OF THE CASE**

A.    Trial is set for March 5, 2008, before the Honorable
Dale S. Fischer, United States District Court Judge.

B.    The estimated time for trial is eight to ten weeks.

C.    Defendant Anthony Pellicano, who is <u>pro se</u>, currently
is in custody.  Defendants Mark Arneson, Rayford Earl Turner,
Kevin Kachikian, and Abner Nicherie, all of whom are represented
by retained counsel, are on bond.

D.    Trial by jury has not been waived.

E.    Absent any stipulations, the government expects to call
approximately 80 to 100 witnesses in its case-in-chief.

F.    The Fifth Superseding Indictment (the "indictment") is
in  111 counts.  Defendant Pellicano is charged with RICO (count
1), RICO conspiracy (count 2), honest services wire fraud (counts
3-33, 75-76), unauthorized computer access of United States
agency information (counts 34-64, 77-78), identity theft (counts
65-69, 79-82, 87-90), computer fraud (counts 70-74, 83-86, 91-
94), conspiracy to intercept wire communications (counts 95,
106), interception of wire communications (counts 96-104, 107),
manufacturing and possessing a wiretapping device (count 105),
and RICO forfeiture (count 111).  Defendant Arneson is charged
with RICO (count 1), RICO conspiracy (count 2), honest services
wire fraud (counts 3-33), unauthorized computer access of United
States agency information (counts 34-64), identity theft (counts
65-69), computer fraud (counts 70-74), making a false statement
(count 108), and RICO forfeiture (count 111).  Defendant Turner

1  is charged with RICO (count 1), RICO conspiracy (count 2),

2  identity theft (counts 87-90), computer fraud (counts 91-

3  94), conspiracy to intercept wire communications (count 95),

4  interception of wire communications (counts 96-104, 107), making

5  a false statement (count 109), and RICO forfeiture (count 111).

6  Defendant Kachikian is charged with conspiracy to intercept wire

7  communications (count 95), interception of wire communications

8  (counts 96-104, 107), manufacturing and possessing a wiretapping

9  device (count 105), and destruction of evidence (count 110).

10  Defendant Nicherie is charged with aiding and abetting the

11  interception of wire communications (count 97).

12      G.   A copy of the Indictment is attached as Exhibit A.

13                              II.

14                     **APPLICABLE STATUTES**

15  A.   18 U.S.C. § 1962(c) (RICO) (count one)

16      1.   Statutory Language

17      Title 18, United States Code, Section 1962(c) provides, in

18  pertinent part:

19      It shall be unlawful for any person employed by or

20  associated with any enterprise engaged in, or the activities of

21  which affect, interstate or foreign commerce, to conduct, or

22  participate, directly or indirectly, in the conduct of such

23  enterprise's affairs through a pattern of racketeering activity

24  or collection of unlawful debt.

25      2.   Elements

26      For a defendant to be found guilty of RICO, the government

27  must prove the following: (1) there was an enterprise consisting

28  of a group of persons associated together for a common purpose of

                              4

1  engaging in a course of conduct; (2) the defendant was employed
2  by or associated with the enterprise; (3) the defendant conducted
3  or participated, directly or indirectly, in the conduct of the
4  affairs of the enterprise through a pattern of racketeering
5  activity or collection of unlawful debt; and (4) the enterprise
6  engaged in, or its activities in some way affected, commerce
7  between one state and another state or between a state or the
8  United States and a foreign country.   See Ninth Circuit Model
9  Jury Instruction 8.16 (2003).

10      3.   Applicable Law

11      The Supreme Court and the Ninth Circuit have both ruled that
12  "RICO is to be read broadly."   Sedima v. Imex Company Inc., 473
13  U.S. 479, 497 (1985); Odom v. Microsoft Corporation, 486 F.3d
14  541, 547 (9th Cir. 2007)(en banc).   For example, the Supreme
15  Court has been unequivocal in its finding that the RICO statute
16  encompasses criminal conduct by both purely criminal enterprises
17  and enterprises that engage in both legitimate and criminal
18  behavior.   United States v. Turkette, 452 U.S. 576, 581 (1981).
19  Similarly, in Sedima, the Supreme Court, recognizing that RICO
20  had evolved to be largely a tool of civil litigation, expressly
21  found that the RICO statute is not limited to classic organized
22  crime models but rather encompassed any and all conduct that
23  satisfied the fundamental elements of the offense.   Sedima, 473
24  U.S. 494-497.

25      a.   Enterprise

26      As defined by the RICO statute, the term "enterprise"
27  includes "any individual, partnership, corporation, association,
28  or other legal entity, and any union or group of individuals

associated-in-fact."   18 U.S.C. § 1961(4); see Odom, 486 F.3d at
548 (a single individual or legal entity can qualify as an
enterprise).   To prove the existence of an associate-in-fact
enterprise, such as the one charged in the Indictment, the
government must establish the existence of an ongoing
organization, whether it be formally or informally organized,
acting with a common purpose and acting as a continuing unit.
Id. at 548, 552.   To be acting as a continuing unit, it is not
necessary that every member be involved in each of the acts of
racketeering, that the predicate acts be interrelated in any way,
that the membership in the organization remain constant over
time, or that there be any ascertainable structure to the
organization.   Id. at 551-52.   Instead, the focus is on whether
the associates' behavior consists of ongoing, as opposed to
isolated, activity.   Turkette, 452 U.S. at 583; Odom, 486 F.3d at
545-52.

                b.   Employed by or Associated with the Enterprise

A person is "employed by" an enterprise when, for example,
the person is on the payroll of the enterprise and performs
services for the enterprise, holds a position in the enterprise,
or has an ownership interest in the enterprise.   A person is
"associated with" the enterprise if the person joins with other
members of the enterprise and knowingly aids or furthers the
activities of the enterprise, or conducts business with or
through the enterprise.

6

c.    Conducted or Participated in the Affairs of the
      Enterprise

A particular defendant participates, directly or indirectly,
in the conduct of the enterprise's affairs by participating in
the operation or management of the enterprise by having some part
in directing the enterprise's affairs.  For a defendant to
participate in the operation or management of the enterprise, the
defendant need not exercise significant control over, or within,
the enterprise.  Similarly, the defendant need not have had
either a formal position in the enterprise or have had primary
responsibility for the enterprise's affairs as "[a]n enterprise
is 'operated' not just by upper management but also by lower-rung
participants in the enterprise who are under the direction of
upper management" or who carry out upper management's orders.
Reves v. Ernst & Young, 507 U.S. 170, 184 (1993); United States
v. Fernandez, 388 F.3d 1199, 1228 (9th Cir. 2004).  Therefore,
"all who participate in the conduct of [the] enterprise, whether
they are generals or foot soldiers," can be held legally
responsible under the RICO statute.   United States v. Oreto, 37
F.3d 739, 751 (1st Cir. 1994).

The RICO statute defines a pattern of racketeering activity
as at least two racketeering acts within ten years of one
another.  18 U.S.C. § 1961(5).  In order to form a pattern, the
two acts must be related to each other and pose a threat of
continuing activity.  H.J. Inc. v. Northwestern Bell Telephone
Co., 492 U.S. 229, 238-40 (1989); Fernandez, 388 F.3d at 1221.

7

To establish that the affairs of the enterprise were conducted through a pattern of racketeering activity, evidence must exist that "the predicate offenses are related to the activities of th[e] enterprise." <u>United States v. Scotto</u>, 641 F.2d 47, 54 (2d Cir. 1980).

### d.   Effect on Interstate Commerce

The Ninth Circuit repeatedly has held that only a "de minimis" effect on interstate commerce is required for a RICO violation. Fernandez, 388 F.3d at 1218; <u>United States v. Rone</u>, 598 F.2d 564, 573 (9th Cir. 1979). It is the activities of the enterprise, not each predicate act, which must affect interstate commerce. <u>United States v. Bagnariol</u>, 665 F.2d 877, 892 (9th Cir. 1981); <u>Rone</u>, 598 F.2d at 573.

### B.   18 U.S.C. § 1962(d) (RICO Conspiracy) (count two)

#### 1.   Statutory Language

Title 18, United States Code, Section 1962(d) provides in pertinent part:

It shall be unlawful for any person to conspire to violate any of the provisions of subsection . . . (c).

#### 2.   Elements

For a defendant to be found guilty of RICO conspiracy, the government must prove the following: (1) the defendant knowingly agreed to conduct or participate, directly or indirectly, in the conduct of the affairs of the charged enterprise through a pattern of racketeering activity; (2) an enterprise would be established as alleged in the indictment; (3) the enterprise or

8

1  its activities would affect interstate commerce; and (4) the

2  defendant would be associated with the enterprise.

3      3.   Applicable Law

4      The terms "enterprise", "affecting interstate commerce",

5  "pattern of racketeering activity" and "associated with the

6  enterprise" are the same as applied to the substantive RICO

7  offense.  18 U.S.C. § 1961.  There exist three significant ways,

8  however, in which RICO conspiracy differs from a substantive RICO

9  offense.

10      First, to convict a defendant of RICO conspiracy, the

11  government is not required to prove that the alleged enterprise

12  was actually established, that the defendant was actually

13  associated with the enterprise, or that the enterprise or its

14  activities actually affected interstate commerce.  Instead,

15  because the agreement to commit a RICO offense is the essence of

16  a RICO conspiracy offense, the government need only prove that if

17  the conspiracy offense were completed as contemplated, the

18  enterprise would be established, the defendant would be

19  associated with the enterprise, and the enterprise or its

20  activities would affect interstate commerce.  Salinas v. United

21  States, 552 U.S. 52, 65 (1997).

22      Second, to convict a defendant of RICO conspiracy, the

23  government need not prove that individual enterprise members

24  personally had agreed to commit two racketeering acts or had

25  participated in the commission of the actual crimes.  Salinas,

26  552 U.S. at 63 (upholding the sufficiency of a RICO conspiracy

27

28                              9

conviction of a sheriff's deputy who facilitated scheme whereby his boss received multiple kickbacks from a prisoner in exchange for permitting unauthorized conjugal visits).  Instead, the government must only prove that the particular defendant agreed that, at some point during the life of the conspiracy, a member of the conspiracy would commit, on behalf of the conspiracy, at least two related acts of racketeering, with the jury being unanimous as to which type or types of predicate racketeering activity the defendant agreed would be committed.  Id. at 65.  As the Salinas Court stated:

> A conspirator must intend to further an endeavor which, if completed, would satisfy all the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor.  He may do so in any number of ways short of agreeing to undertake all of the acts necessary for the crimes completion . . .
>
> A (RICO or other federal) conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense.  The partners in the criminal plan must agree to pursue the same criminal objective (here the operation of the RICO enterprise) and may divide up the work, yet each is responsible for the acts of each other.  See Pinkerton v. United States, 328 U.S. 640 (1946).  If conspirators have a plan which calls for some conspirators to perpetrate the crime and others to provide support, the supporters are as guilty as the perpetrators.

Salinas, 522 U.S. at 62-65.

Third, to convict a defendant of a substantive RICO offense, the government must prove that the defendant personally participated in the operation or management of the enterprise.  However, such proof is not required to convict a defendant of a

10

RICO conspiracy offense.  Rather, a defendant may be convicted of a RICO conspiracy offense provided that the defendant knowingly agreed to facilitate a scheme which, if completed, would constitute a RICO violation involving at least one conspirator who would participate in the operation or management of the enterprise.  Fernandez, 388 F.3d at 1230.

In addition to the differences with substantive RICO, RICO conspiracy also differs materially from the general conspiracy statute set forth in 18 U.S.C. § 371.  Specifically, while RICO conspiracy incorporates the general law of conspiracy,[1] Salinas, 552 U.S. at 63-65, Congress designed the statute to be broader in scope than a Section 371 conspiracy.  As the Fifth Circuit explained:

> We are convinced that through RICO, Congress intended to authorize the single prosecution of a multi-faceted, diversified conspiracy by replacing the inadequate "wheel" and "chain" rationales with a new statutory concept; the enterprise.
>
> . . .  RICO helps to eliminate this problem (diverse crimes by apparently unrelated individuals) by creating a substantive offense which ties together these diverse parties and crimes. . .  The gravamen of the conspiracy charge in this case is not that each defendant agreed to commit (a specific crime), it is that each agreed to participate, directly and indirectly, in the affairs of the enterprise . . . .

---

[1]    As with proof of any other type of conspiracy, the agreement need not be stated or written, but may be inferred from circumstantial evidence or the defendant's acts pursuant to the scheme.  United States v. Diecidue, 603 F.2d 535 (5th Cir. 1979); Glasser v. United States, 315 U.S. 60, 80 (1942).  In addition, there is no requirement that the defendant in a RICO conspiracy know the full scope of the conspiracy or even the identity of all the conspirators.  United States v. Castro, 89 F.3d 1443, 1451 (11th Cir. 1997); United States v. Sutherland, 656 F.2d 1181, 1190 (5th Cir. 1981).

11

United States v. Elliott, 571 F.2d 880, 902 (5th Cir. 1978)

(emphasis added).  For example, unlike a Section 371 conspiracy,

the government need not establish that any overt acts were

committed.  Salinas, 522 U.S. at 63.

C.   18 U.S.C. §§ 1343, 1346 (Honest Services WireFraud)
     (racketeering acts one through sixty-seven; counts
     three through thirty-three)

     1.   Statutory Language

     Title 18, United States Code, Section 1343, provides, in

pertinent part:

     [W]hoever, having devised or intending to devise any scheme

or artifice to defraud, or for obtaining money or property by

means of false or fraudulent pretenses, representations, or

promises, transmits or causes to be transmitted by means of wire

. . . communication in interstate or foreign commerce, any

writings, signs, signals, pictures, or sounds for the purpose of

executing such scheme or artifice, shall be fined under this

title or imprisoned not more than 20 years, or both.

     Title 18, United States Code, Section 1346, provides:

     [F]or the purposes of this chapter, the term "scheme or

artifice to defraud" includes a scheme or artifice to deprive

another of the intangible right of honest services.

     2.   Elements

     For a defendant to be found guilty of honest services wire

fraud, the government must prove the following: (1) a defendant

made up a scheme or plan to deprive the public of its right to

honest services; (2) the defendant acted with the intent to

12

defraud, that is, with the intent to deprive the public of its right to honest services; and (3) the defendant used, or caused someone to use, a wire communication in interstate commerce to carry out or to attempt to attempt to carry out the scheme or plan.  See Ninth Circuit Model Criminal Jury Instruction 8.102.

The use of a wire is caused when one knows that the wires will be used in the ordinary course of business or when one can reasonably foresee such use.  It does not matter whether the material sent over the wire itself constituted a deprivation of the right to honest services so long as a wire was used as an important part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

3.   Applicable Law

a.   Parallel Construction of Fraud Statutes

The mail fraud and wire fraud statutes share as a common element the defendant's knowing participation in a fraudulent scheme.  18 U.S.C. §§ 1341, 1343 ("scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises").  "The only difference between mail fraud and wire fraud is that former involves the use of the mails and latter involves the use of wire, radio, or television communication in interstate or foreign commerce."  Ninth Circuit Model Criminal Jury Instruction 8.103, Comment.

13

1     Accordingly, courts applying these statutes generally have

2 given them parallel constructions so that fraud concepts

3 developed in the case law under Section 1341 and Section 1343 are

4 typically treated as interchangeable in criminal prosecutions.

5 See United States v. Poliak, 823 F.2d 371, 372 (9th Cir. 1987)

6 (bank fraud, wire fraud, and mail fraud); United States v.

7 Cusino, 694 F.2d 185, 187 n.1 (9th Cir. 1982) (mail fraud and

8 wire fraud); United States v. Louderman, 576 F.2d 1383, 1387-88 &

9 n.3 (9th Cir. 1978) (same).

10        b.   Non-disclosure and False Disclosure by a Public
                Official

11

12     Public officials have a duty to provide "honest services" to

13 the public.  United States v. Frega, 179 F.3d 793, 802 (9th Cir.

14 1999).  As the Ninth Circuit repeatedly has recognized, this

15 "theory of fraud most often is applied to cases involving bribery

16 of public officials" as "the requisite 'scheme or artifice to

17 defraud' is found in the deprivation of the public's right to

18 honest and faithful government."  United States v. Williams, 441

19 F.3d 716, 723 (9th Cir. 2006); Frega, 179 F.3d at 803; United

20 States v. Bohonus, 628 F.2d 1167, 1171 (9th Cir. 1980).  A public

21 official's non-disclosure of material information to his employer

22 can also satisfy the fraud standard set forth in Section 1346, as

23 the employer -- in this case the government -- has a right to

24 have its employees act honestly in the course of their duties.

25 Frega, 179 F.3d at 803; Bohonus, 628 F.2d at 1171-72.  "[T]his

26 duty of disclosure arises not exclusively by statute, but also

27 from the general fiduciary duty a public official owes to the

28                       14

1   public." _United States v. Sawyer_, 239 F.3d 31, 40 (1st Cir.
2   2001) ("_Sawyer II_") quoting _United States v. Woodward_, 149 F.3d
3   46, 57 (1st Cir. 1998) ("Public officials . . . have fiduciary
4   duties under common law to ensure that the public receives their
5   honest service free of improper influence of corruption"));
6   _United States v. Waymer_, 55 F.3d 564, 571 (11th Cir. 1995) ("A
7   defendant's breach of a fiduciary duty may be a predicate for a
8   violation of the mail fraud statute where the breach entails the
9   violation of a duty to disclose material information").

10              c.   Violations of State Law

11       Proof of honest services wire fraud "does not require proof
12   of a violation of any state law.  Because the duty of honest
13   services owed by government officials derives from fiduciary
14   duties at common law as well as from statute, there is not need
15   to base a prosecution under § 1341 on allegations that the
16   defendant also violated state law." _Sawyer II_, 239 F.3d at 41-
17   42.  _See also_ _Waymer_, 55 F.3d at 571 ("fraud, for purposes of a
18   mail fraud conviction, may be proved through the defendant's non-
19   action or non-disclosure of material facts intended to create a
20   false and fraudulent representation").  However, "to say that
21   proof of a state law violation is not required is not the same as
22   saying that it is not permitted.  Indeed, proving violations of
23   state law is one way a federal prosecutor might choose to
24   structure a prosecution for honest services [] fraud." _Sawyer_
25   _II_, 239 F.3d at 42.

26
27
28                                  15

   d.   <u>Proof of Loss Not Required</u>

   Undisclosed, biased decision making for personal gain,
whether or not tangible loss to the public is shown, constitutes
a deprivation of honest services.  United States v. Sawyer, 85
F.3d 713, 724 (1st Cir. 1996)("<u>Sawyer I</u>"); <u>see also</u> <u>Sawyer II</u>,
239 F.3d at 39; <u>United States v. Lopez-Lukis</u>, 102 F.3d 1164, 1169
(11th Cir. 1997).

   e.   <u>Fraudulent Intent</u>

   The intent to deprive the public of its right to the honest
services of the government official is an essential element of
the offense.  <u>See</u> Ninth Circuit Model Criminal Jury Instruction
8.102; <u>Frega</u>, 179 F.3d at 803.  In establishing the requisite
intent, the government need not prove the defendant had the
specific intent to use the mails or wires to commit the fraud.
If a defendant "does an act with knowledge that use of the mails
[or wires] will follow in the ordinary course of business, or
where such use can reasonably be foreseen, even though not
actually intended, then he 'causes' the mails to be used."  <u>See</u>
<u>United States v. Hubbard</u>, 96 F.3d 1227, 1229 (9th Cir. 1996)
(quoting <u>Pereira v. United States</u>, 347 U.S. 1, 8-9 (1954)).  <u>See</u>
<u>also</u> <u>United States v. Bernhardt</u>, 840 F.2d 1441, 1447 (9th Cir.
1988).

   Fraudulent intent may be, and often must be, shown by
circumstantial evidence.  <u>See</u> <u>United States v. Rasheed</u>, 663 F.2d
843, 848 (9th Cir. 1981); <u>United States v. Jones</u>, 425 F.2d 1048,
1058 (9th Cir. 1979).  Due to the difficulty in proving intent,

1 courts have traditionally held that "[a]ny proof, properly
2 connected to the defendants, which establishes the manner in
3 which the fraudulent scheme was carried into execution or the
4 intent of the parties in relation thereto is properly
5 admissible." United States v. Amrep Corp., 545 F.2d 797, 800 (2d
6 Cir. 1976); see also United States v. Jackson, 845 F.2d 880, 884
7 (9th Cir. 1988).  Under this standard, evidence of similar
8 fraudulent conduct by the defendant which is not specifically
9 charged in the indictment remains admissible to prove intent and
10 a scheme to defraud.  United States v. Payne, 474 F.2d 603, 604
11 (9th Cir. 1973); United States v. Larsen, 441 F.2d 512 (9th Cir.
12 1971).
13          f.   Co-Schemer Liability
14      To be guilty of participation in a fraudulent scheme, a
15 defendant need not be the mastermind of the scheme.  See United
16 States v. Price, 623 F.2d 587, 591 (9th Cir. 1980), overruled on
17 other grounds, United States v. DeBright, 730 F.2d 1255, 1260
18 (9th Cir. 1987).  Nor is it necessary for the government to prove
19 that the defendant participated in every aspect of the scheme.
20 See United States v. Melton, 689 F.2d 679, 684 (7th Cir. 1982).
21 All that is required is proof beyond a reasonable doubt that the
22 defendant was a knowing participant in the scheme.  See United
23 States v. Peters, 962 F.2d 1410, 1414 (9th Cir. 1992); United
24 States v. Vaughn, 797 F.2d 1485, 1493 (9th Cir. 1986); Price, 623
25 F.3d at 592; United States v. Diggs, 649 F.2d 731, 736 (9th Cir.
26 1981), overruled on other grounds, United States v. McConney, 728
27
28                              17

1  F.2d 1195 (9th Cir. 1984) (en banc); see also United States v.

2  Earles, 955 F.2d 1175, 1177 (8th Cir. 1992) ("One who knowingly

3  participates in an ongoing mail fraud scheme devised by another

4  is guilty of mail fraud").   Once it is established that the

5  defendant knowingly participated in the scheme, conspiratorial

6  principles of vicarious liability apply to render the defendant

7  liable for all of the fraudulent acts of his co-schemers that

8  were within the general scope of the scheme.   See United States

9  v. Lothian, 976 F.2d 1257, 1262-63 (9th Cir. 1992); United States

10 v. Federbush, 625 F.2d 246, 253-254 (9th Cir. 1980); Amrep Corp.,

11 560 F.2d at 545.

12 D.    18 U.S.C. § 1030(a)(2),(c)(2)(B)(1) (Unauthorized Computer
       Access Of United States Information For Financial Gain)
13     (counts thirty-four through sixty-four; seventy-seven
       through seventy-eight)

14

15     1.    Statutory Language

16     Title 18, United States Code, Sections 1030(a)(2),

17 (c)(2)(B)(1) provide, in pertinent part:

18     [W]hoever intentionally accesses a computer without

19 authorization, or exceeds authorized access, and thereby obtains

20 . . . . information from any department or agency of the United

21 States has committed a violation of this section.

22                      *   *   *   *   *

23     [A] person who violates Section (a)(2) for purposes of

24 commercial profit or private financial gain shall be sentenced to

25 a fine, imprisoned not more than five years, or both.

26

27

28                               18

2.   <u>Elements</u>

For a defendant to be found guilty of unauthorized computer access of United States information for purposes of financial gain, the government must prove the following: (1) the defendant intentionally exceeded authorized access of a computer, that is, it was the defendant's conscious objective to exceed authorized access to the computer; (2) by exceeding authorized access to a computer, the defendant obtained information from any department or agency of the United States; and (3) the defendant acted for purpose of commercial advantage or private financial gain.   Ninth Circuit Model Criminal Jury Instruction No. 8.78.

3.   <u>Applicable Law</u>

A defendant exceeds authorized access when the defendant accesses a computer with authorization but uses such access to obtain information in the computer that the defendant is not entitled to obtain.   18 U.S.C. § 1030(e)(6).   A defendant obtains information merely by observing it on the computer and need not remove the information from the computer to have violated this section.   Ninth Circuit Criminal Model Jury Instruction Nos. 8.77, 8.78 Comment.   The term "department of the United States" includes the United States Department of Justice, of which the Federal Bureau of Investigation is a component.   18 U.S.C. § 1030(e)(6), 5 U.S.C. § 101.

19

E.  18 U.S.C. § 1028(a)(7) (Identity Theft) (racketeering acts
    sixty-eight through ninety-two; counts sixty-five through
    sixty-nine, seventy-nine through eighty-two, eighty-seven
    through ninety)

    1.  Statutory Language

    Title 18, United States Code, Section 1028(a)(7) provides,
in pertinent part:

    [W]hoever [] knowingly transfers, possesses, or uses,
without lawful authority, a means of identification of another
person with the intent to commit, or to aid or abet, or in
connection with, any unlawful activity that constitutes a
violation of federal law, or that constitutes a felony under any
applicable State or local law, shall be fined under this title,
imprisoned not more than five years, or both.

    Title 18, United States Code, Section 1028(c)(3) provides,
in pertinent part:

    [Jurisdiction under Section 1028 exists when] either: (A)
the production, transfer, or use prohibited under this Section is
in or affects interstate or foreign commerce, including the
transfer of a document by electronic means.

    Title 18, United States Code, Section 1028(d)(7) provides,
in pertinent part:

    [T]he term "means of identification" means any name or
number that may be used, alone or in conjunction with any other
information, to identify a specific individual, including any:

    (A)  name, social security number, date of birth, official
         State or government issued driver's license or
         identification number, alien registration number,
         passport number, employer or tax identification number;

20

(B)   unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;

(C)   unique electronic identification number, address, or routing code;

(D)   telecommunication identifying information, such as an electronic serial number or any other number or signal that identifies a specific telecommunications instrument or account, or a specific communication transmitted from a telecommunications instrument; or

(E)   access device, such as any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

2.   <u>Elements</u>

For a defendant to be found guilty of identity theft, the government must prove the following: (1) the defendant knowingly possessed, used or transferred, or caused to be possessed, used or transferred, a means of identification of another person; (2) in doing so, the defendant acted without lawful authority; (3) the possession, transfer, or use was in a manner affecting interstate commerce; and (4) defendant acted with the intent to commit, or to aid or abet the commission of, any federal crime or any felony under state or local law.

3.   <u>Applicable Law</u>

Under Section 1028(a)(7), a defendant must know that he is acting without lawful authority, not that the means of identification belongs to an actual person.   <u>United States v.</u>

21

1  Jimenez, 507 F.3d 13, 18 n.3 (1st Cir. 2007).  One way in which a

2  defendant can act without lawful authority is by using a means of

3  identification without the owner's consent.  See e.g., United

4  States v. Hurtado, 508 F.3d 603, 607-08 (11th Cir. 2007); United

5  States v. Hines, 472 F.3d 1038, 1039-40 (8th Cir. 2007) (finding

6  that defendant acted without lawful authority when he provided

7  name of third party to police as if it were his own).

8      To satisfy the jurisdictional element set forth in Section

9  1028(c)(3), only a minimal connection with interstate commerce is

10  required.  United States v. Sutcliffe, 505 F.3d 944, 952-53 (9th

11  Cir. 2007); United States v. Klopf, 423 F.3d 1228, 1237-39 (11th

12  Cir. 2005); United States v. Bassey, 65 F.3d 22, 24-25 (4th Cir.

13  1995).  To that end, a defendant "need only have the intent to

14  accomplish acts, which, if successful, would have affected

15  interstate or foreign commerce.  The government, however, is not

16  required to prove that the defendant had knowledge of the

17  interstate nexus when he committed an act in violation of

18  1028(a)."  Klopf, 423 F.3d at 1239 (finding that interstate nexus

19  satisfied by possession of fraudulent driver's license, even if

20  not yet used); see also, United States v. Villarreal, 253 F.3d

21  831, 834-35 (5th Cir. 2001) (finding that focus is not on whether

22  the identification document actually traveled in interstate or

23  foreign commerce or whether transfer affected interstate commerce

24  but rather whether either would have been accomplished had the

25  defendant accomplished his intended goals); United States v.

26  Jackson, 155 F.3d 942, 947 (8th Cir. 1998) (interstate nexus

27

28                              22

1 established by showing that defendant's scheme intended to use
2 means of identification to defraud businesses engaged in
3 interstate commerce).

4     As for the element that defendant acted with the intent to
5 commit, or to aid or abet the commission of, or in connection
6 with, any federal crime or any felony under state or local law,
7 the Ninth Circuit has held that the defendant need not actually
8 have caused another crime to be committed.  All that is required
9 is that the defendant act with the requisite intent.  <u>Sutcliffe</u>,
10 505 F.3d at 959-60.

11 F.    <u>18 U.S.C. § 1030(a)(4) (Computer Fraud) (counts seventy
12 through seventy-four, eighty-three through eighty-six,
ninety-one through ninety-four)</u>

13     1.   <u>Statutory Language</u>

14     Title 18, United States Code, Section 1030(a)(4), provides,
15 in pertinent part:

16     [W]hoever knowingly and with the intent to defraud, accesses
17 a protected computer without authorization, or exceeds authorized
18 access, and by means of such conduct furthers the intended fraud
19 and obtains anything of value shall be fined under this title,
20 imprisoned not more than five years, or both.

21     2.   <u>Elements</u>

22     For a defendant to be found guilty of having committed the
23 offense of computer fraud, the government must prove the
24 following: (1) the defendant knowingly exceeded authorized access
25 of a computer that was used in interstate or foreign commerce or
26 communication; (2) the defendant did so with the intent to

27

28                              23

1  defraud, that is, an intent to deceive or cheat; (3) by exceeding
2  authorized access to the computer, the defendant furthered the
3  intended fraud; and (4) the defendant, by exceeding authorized
4  access to the computer, obtained anything of value.   Ninth
5  Circuit Model Criminal Jury Instruction No. 8.81.

6          3.   Applicable Law

7      While the definition of "exceeding authorized access"
8  uniformly applies to Sections 1030(a)(4) and (a)(2), the intent
9  needed to commit an offense under these two provisions differs.
10 Under Section 1030(a)(4), a defendant must have an intent to
11 defraud.   Under Section 1030(a)(2), the defendant simply must act
12 with the intent to exceed the defendant's authority to access the
13 computer.   Ninth Circuit Model Criminal Jury Instruction Nos.
14 8.78, 8.81, Comment.   Moreover, in the context of Section
15 1030(a)(4), intent to defraud exists when the computer is used to
16 obtain property of another, which property furthers the intended
17 fraud.   Ninth Circuit Model Criminal Jury Instruction No. 8.81,
18 Comment.

19 G.   18 U.S.C. § 371 (Conspiracy) (counts ninety-five, one-
       hundred-six)
20
21         1.   Statutory Language

22      Title 18, United States Code, Section 371, provides, in
   pertinent part:
23
24      If two or more persons conspire either to commit any offense
   against the United States, or to defraud the United States, or
25
   any agency thereof in any manner or for any purpose, and one or
26
   more of such persons do any act to effect the object of the
27

28                                24

1 conspiracy, each shall be fined not more than $10,000 or

2 imprisoned not more than five years, or both.

3     2.   <u>Elements</u>

4     For a defendant to be found guilty of a Section 371

5 conspiracy, the government must prove the following: (1) an

6 agreement to accomplish an illegal objective; (2) one or more

7 overt acts in furtherance of the illegal objective; and (3) the

8 intent required to commit the underlying substantive offense. <u>See</u>

9 <u>United States v. Garza</u>, 980 F.2d 546, 552 (9th Cir. 1992); <u>United</u>

10 <u>States v. Medina</u>, 940 F.2d 1247, 1250 (9th Cir. 1991); <u>United</u>

11 <u>States v. Luttrell</u>, 889 F.2d 806 (9th Cir. 1989).

12     3.   <u>Applicable Law</u>

13        a.   <u>The Agreement</u>

14     "[T]he evidentiary requirement for establishment of an

15 agreement in the conspiracy context is considerably more lax than

16 in the case of an enforceable contract." <u>United States v.</u>

17 <u>Melchor-Lopez</u>, 627 F.2d 886, 890 (9th Cir. 1980).  To support a

18 conspiracy conviction, "[t]he agreement need not be explicit; it

19 may be inferred from the defendant's acts pursuant to a

20 fraudulent scheme or from other circumstantial evidence." <u>United</u>

21 <u>States v. Cloud</u>, 872 F.2d 846, 852 (9th Cir. 1989).  <u>See also</u>

22 <u>United States v. Boone</u>, 951 F.2d 1526, 1543 (9th Cir. 1991);

23 <u>United States v. Hernandez</u>, 876 F.2d 774, 777 (9th Cir. 1989).

24 The government need not prove direct contact between co-

25 conspirators or the existence of a formal agreement; instead, an

26 agreement constituting a conspiracy may be inferred from the acts

27

28                         25

1  of the parties and other circumstantial evidence indicating

2  concert of action for the accomplishment of a common purpose.

3  See Garza, 980 F.2d at 552-53; United States v. Hegwood, 977 F.2d

4  492 (9th Cir. 1992); United States v. Becker, 720 F.2d 1033, 1035

5  (9th Cir. 1983).

6      It is not necessary for the government to show that the

7  defendant knew "the exact scope of the conspiracy, the identity

8  and role of each of the co-conspirators, or the details of the

9  operations of any particular plan." United States v. Thomas, 586

10 F.2d 123, 132 (9th Cir. 1978).  However, the government must

11 prove that the defendant was aware of "the essential nature of

12 the plan." Blumenthal v. United States, 332 U.S. 539, 557

13 (1947).  See also United States v. Krasovich, 819 F.2d 253, 255-

14 56 (9th Cir. 1987).  The key element of proof as to any specific

15 co-conspirator is the showing that he knew, or had reason to

16 know, of the participation of others in the illegal plan, and

17 that he knew, or had reason to know, that the benefits to be

18 derived from the operation were probably dependent upon the

19 success of the entire venture.  United States v. Abushi, 682 F.2d

20 1289, 1293 (9th Cir. 1982); United States v. Baxter, 492 F.2d

21 150, 158 (9th Cir. 1973).

22          b.   Participation in the Conspiracy

23     The government must show that a conspiracy between at least

24 two people existed and that the defendant was a member of the

25 conspiracy charged.  United States v. Reese, 775 F.2d 1066, 1071

26 (9th Cir. 1985) (conspiracy must involve at least two people);

27

28                          26

1  United States v. Murray, 751 F.2d 1528, 1534 (9th Cir. 1985)

2  (charged defendant must be member of conspiracy).   Once a

3  conspiracy is proven, evidence establishing beyond a reasonable

4  doubt the defendant's connection to that conspiracy -- even if

5  the connection is slight -- is sufficient to convict him of

6  knowingly participating in the conspiracy.   Hubbard, 96 F.3d at

7  1227; United States v. Stauffer, 922 F.2d 508, 514-15 (9th Cir.

8  1990); United States v. Guzman, 849 F.2d 447, 448 (9th Cir.

9  1988).

10          c.   The Object

11      It is well established that a conspiracy charge may allege

12  multiple objects.   See United States v. Smith, 891 F.2d 703, 713

13  (9th Cir. 1989)("the established rule is that a charge of

14  conspiracy to commit more than one offense may be included in a

15  single count without violating the general rule against

16  duplicity").   See also Braverman v. United States, 317 U.S. 49,

17  54 (1942); Frohwerk v. United States, 249 U.S. 204, 210 (1919);

18  United States v. Rabinowich, 238 U.S. at 78, 86 (1915).   In such

19  cases, the government must prove that the defendant was engaged

20  in a conspiracy to commit at least one of the alleged objects.

21  See Luttrell, 889 F.2d at 810-11 ("Where the government charges a

22  defendant with a conspiracy to commit several substantive crimes,

23  the government must prove that the defendant was engaged in a

24  conspiracy to violate at least one criminal statute").   Where a

25  conspiracy with multiple objects is charged, a unanimity

26  instruction should be given.   See Smith, 891 F.2d at 709

27

28                              27

1  (approving instruction that "the jury must unanimously agree upon
2  the same objective as having been proved beyond a reasonable
3  doubt").

d.   Overt Acts

5  "In criminal law an overt act is an outward act done in
6  pursuance of the crime and in manifestation of an intent or
7  design, looking toward the accomplishment of the crime." Chavez
8  v. United States, 275 F.2d 813, 817 (9th Cir. 1960).  The overt
9  act "need not be of itself a criminal act; still less need it
10 constitute the very crime that is the object of the conspiracy."
11 Rabinowich, 238 U.S. at 86.  "Nor need it appear that all the
12 conspirators joined in the overt act."  Id.; see also United
13 States v. Burreson, 643 F.2d 1344, 1348 (9th Cir. 1981) (same).
14 As the Supreme Court has explained:  "[T]he function of the overt
15 act in a conspiracy prosecution is simply to manifest that the
16 conspiracy is at work, and is neither a project still resting
17 solely in the minds of the conspirators nor a fully completed
18 operation no longer in existence."  Yates v. United States, 354
19 U.S. 298, 334 (1957).

20 To obtain a conviction on a Section 371 conspiracy, the
21 government need prove only one of the overt acts charged in the
22 indictment.  See Luttrell, 889 F.2d at 809; United States v.
23 Indelicato, 800 F.2d 1482, 1483 (9th Cir. 1986).

e.   Liability for Co-Conspirator Acts

25 It is a well settled tenet of conspiracy law, known as
26 Pinkerton liability, that "a party to an unlawful conspiracy may

28

1  be held responsible for substantive offenses committed by his co-
2  conspirators in furtherance of the unlawful project, even if the
3  party himself did not participate directly in the commission of
4  the substantive offense." United States v. Vasquez, 858 F.2d
5  1387, 1393 (9th Cir. 1988). See also Pinkerton v. United States,
6  328 U.S. 640, 646-47 (1946); United States v. Olano, 62 F.3d
7  1180, 1199 (9th Cir. 1995). For Pinkerton liability to apply, it
8  is necessary that the substantive offense was within the scope of
9  the unlawful agreement, was committed in furtherance of the
10  conspiracy, and was reasonably foreseeable as a natural
11  consequence of the unlawful confederation. Pinkerton, 328 U.S.
12  at 647-48. See also United States v. Lewis, 787 F.2d 1318, 1323
13  (9th Cir. 1986)("A co-conspirator is responsible for any act done
14  in furtherance of the conspiracy unless it could not reasonably
15  be foreseen as a natural consequence of the agreement"); United
16  States v. Reed, 726 F.2d 570, 580 (9th Cir. 1984)("The law is
17  clear that a defendant may be convicted of the substantive acts
18  of his co-conspirators, as long as those acts are committed
19  pursuant to and in furtherance of the conspiracy").

20       A conspirator who joins a pre-existing conspiracy is bound
21  by all that has gone on before in the conspiracy. See United
22  States v. Umagat, 998 F.2d 770, 772 (9th Cir. 1993) ("One may
23  join a conspiracy already formed and in existence, and be bound
24  by all that has gone before in the conspiracy, even if unknown to
25  him"). See also United States v. Bibero, 749 F.2d 586, 588 (9th
26
27
28                                29

1 Cir. 1984); <u>United States v. Saavedra</u>, 684 F.2d 1293, 1301 (9th

2 Cir. 1982).

3              f.   <u>Proof of Conspiracy</u>

4      The order of proof in a conspiracy case is a matter

5 committed to the sound discretion of the trial judge.  <u>See</u> <u>United</u>

6 <u>States v. Fleishman</u>, 684 F.2d 1329, 1338 (9th Cir. 1982).  "The

7 government does not have to present <u>direct</u> evidence.

8 Circumstantial evidence and the inferences drawn from that

9 evidence will sustain a conspiracy conviction."  <u>United States v.</u>

10 <u>Castro</u>, 972 F.2d 1107, 1110 (9th Cir. 1992) (emphasis in

11 original).

12      When a defendant is charged with conspiracy, evidence

13 tending to show the existence of a conspiracy is admissible even

14 though such evidence does not implicate the defendant as the

15 defendant's conviction is conditioned upon proof of the

16 conspiracy.  <u>United States v. Vega-Limon</u>, 548 F.2d 1390, 1391

17 (9th Cir. 1977).  A conspiracy is presumed to continue until

18 there is affirmative evidence of abandonment, withdrawal,

19 disavowal, or defeat of the purposes of the conspiracy.  <u>United</u>

20 <u>States v. Bloch</u>, 696 F.2d at 1215; <u>United States v. Krasn</u>, 614

21 F.2d 1229, 1236 (9th Cir. 1980).

22              g.   <u>Co-conspirator Declarations</u>

23      Declarations by one co-conspirator during the course of and

24 in furtherance of the conspiracy may be used against another

25 conspirator because such declarations are not hearsay.  <u>See</u> Fed.

26 R. Evid. 801(d)(2)(E).  Further, statements made in furtherance

27

28                               30

1  of a conspiracy were expressly held by the Supreme Court in

2  Crawford v. Washington, 541 U.S. 36, 56 (2004) to be "not

3  testimonial" such that their admission does not violate the

4  Confrontation Clause.  As such, the admission of co-conspirator

5  statements pursuant to Fed. R. Evid. 801(d)(2)(E) requires only a

6  foundation that: (1) the declaration was made during the life of

7  the conspiracy; (2) it was made in furtherance of the conspiracy;

8  and (3) there is, including the co-conspirator's declaration

9  itself, sufficient proof of the existence of the conspiracy and

10 of the defendant's connection to it.  See Bourjaily v. United

11 States, 483 U.S. 171, 173, 181 (1987).

12     The government must prove by a preponderance of the evidence

13 that a statement is a co-conspirator declaration in order for the

14 statement to be admissible under Rule 801(d)(2)(E).  Bourjaily,

15 483 U.S. at 176; United States v. Crespo de Llano, 838 F.2d 1006,

16 1017 (9th Cir. 1987).  Whether the government has met its burden

17 is to be determined by the trial judge, and not the jury.  United

18 States v. Zavala-Serra, 853 F.2d 1512, 1514 (9th Cir. 1988).

19     The trial court has discretion to determine whether the

20 government may introduce co-conspirator declarations before

21 establishing the conspiracy and the defendant's connection to it.

22 United States v. Loya, 807 F.2d 1483, 1490 (9th Cir. 1987).  It

23 also has the discretion to vary the order of proof in admitting a

24 co-conspirator's statement.  Id.  The court may allow the

25 government to introduce co-conspirator declarations before laying

26 the required foundation under the condition that the declarations

27

28                              31

1  will be stricken if the government fails to ultimately establish

2  by independent evidence that the defendant was connected to the

3  conspiracy.   Id.; United States v. Spawr Optical Research, Inc.,

4  685 F.2d 1076, 1083 (9th Cir. 1982); Fleishman, 684 F.2d at 1338.

5       It is not necessary for the defendant to be present at the

6  time a co-conspirator statement was made for it to be introduced

7  as evidence against that defendant.   Sendejas v. United States,

8  428 F.2d 1040, 1045 (9th Cir. 1970).   Similarly, declarations of

9  an unindicted co-conspirator made in furtherance of the

10 conspiracy may be used against a charged conspirator.   United

11 States v. Nixon, 418 U.S. 683, 701 (1974); United States v.

12 Williams, 989 F.2d 1061, 1067 (9th Cir. 1993).

13      To be admissible under Fed. R. Evid. 801(d)(2)(E) as a

14 statement made by a co-conspirator in furtherance of the

15 conspiracy, a statement must "further the common objectives of

16 the conspiracy," or "set in motion transactions that [are] an

17 integral part of the [conspiracy]."   United States v. Arambula-

18 Ruiz, 987 F.2d 599, 607-08 (9th Cir. 1993); United States v.

19 Yarbrough, 852 F.2d 1522, 1535 (9th Cir. 1988).   Such statements

20 are admissible whether or not they actually result in any benefit

21 to the conspiracy.   Williams, 989 F.2d at 1068; United States v.

22 Schmit, 881 F.2d 608, 612 (9th Cir. 1989).   Thus, co-conspirator

23 declarations need not be made to a member of the conspiracy to be

24 admissible under Rule 810(d)(2)(E) and can be made to government

25 informants and undercover agents.   Zavala-Serra, 853 F.2d at 1516

26 (statements to informants and undercover agents); United States

27

28                                    32

v. Tille, 729 F.2d 615, 620 (9th Cir. 1984) (statements to informants); United States v. Echeverry, 759 F.2d 1451, 1457 (9th Cir. 1985) (statements to undercover agent).

Courts have interpreted the "in furtherance of" requirement broadly and have considered, among others, the following co-conspirator declarations as being made "in furtherance of the conspiracy":

1.  statements made to induce enlistment in the conspiracy (United States v. Arias-Villanueva, 998 F.2d 1491, 1502 (9th Cir. 1993);

2.  statements made to keep a conspirator abreast of a co-conspirator's activity, to induce continued participation in a conspiracy, or to allay the fears of a co-conspirator. Arias-Villanueva, 998 F.2d at 1502;

3.  statements made to prompt action in furtherance of the conspiracy by either of the participants to the conversation. United States v. Layton, 720 F.2d 548, 556 (9th Cir. 1983);

4.  statements related to the concealment of the criminal enterprise. Tille, 729 F.2d at 620); Garlington v. O'Leary, 879 F.2d 277, 283 (7th Cir. 1989);

5.  statements seeking to control damage to an ongoing conspiracy. Garlington, 879 F.2d at 283;

6.  statements made to reassure members of the conspiracy's continued existence. United States v. Yarbrough, 852 F.2d 1522, 1535 (9th Cir. 1988);

7.  statements by a person involved in the conspiracy to induce a buyer's purchase of contraband by assuring the buyer of the person's ability to consummate the transaction. Echeverry, 759 F.2d at 1457;

8.  statement identifying another co-conspirator as source for the contraband to be sold to purchaser. United States v. Lechuga, 888 F.2d 1472, 1480 (5th Cir. 1989);

9.  "puffing", boasts and other conversation designed to obtain the confidence of another conspirator (or apparent conspirator who actually was an undercover agent). United States v. Santiago, 837 F.2d 1545, 1549

33

1           (11th Cir. 1988); <u>United States v. Lechuga</u>, 888 F.2d
          1472, 1480 (5th Cir. 1989); <u>United States v. Miller</u>,

2           664 F.2d 94, 98 (5th Cir. 1981); and

3      10.    statements that refer to another conspirator as the
          boss, the overseer, or sir (<u>United States v. Barnes</u>,

4           604 F.2d 121, 157 (2d Cir. 1979).

5 H.    <u>18 U.S.C. § 2511 (Interception Of Wire Communications)</u>
      <u>(counts ninety-six through one-hundred-four, one-hundred</u>

6       <u>seven</u>)

7      1.    <u>Statutory Language</u>

8     Title 18, United States Code, Section 2511(a)(1) provides,

9 in pertinent part:

10    [A]ny person who intentionally intercepts, endeavors to

11 intercept, or procures any other person to intercept, any wire,

12 oral or electronic communication shall be fined under this title

13 or imprisoned for not more than 5 years, or both.

14      2.    <u>Elements</u>

15    For a defendant to be found guilty of interception of wire

16 communications, the government must prove the following: (1) the

17 defendant intercepted, endeavored to intercept or procured

18 another person to intercept or endeavor to intercept a wire, oral

19 or electronic communication; and (2) the defendant acted

20 intentionally, that is, deliberately and not negligently or

21 inadvertently. 18 U.S.C. § 2511(a)(1).

22 I.    <u>18 U.S.C. § 2512(1)(b) (Manufacture/Possession Of</u>
      <u>Wiretapping Device) (count one-hundred five)</u>

23

24      1.    <u>Statutory Language</u>

25    Title 18, United States Code, Section 2512 provides, in

26 pertinent part:

27    [A]ny person who intentionally manufactures, assembles,

28 possesses or sells any electronic, mechanical, or other device,

1  knowing or having reason to know that the design of such device
2  renders it primarily useful for the purpose of surreptitious
3  interception of wire, oral, or electronic communications, and
4  that such device, or any component thereof, has been or will be
5  sent through the mail or transported in interstate or foreign
6  commerce shall be fined under this title or imprisoned not more
7  than five years, or both.[2]

8       2.   Elements

9       For a defendant to be found guilty of the charge of
10 manufacturing or possessing a wiretapping device, the government
11 must prove the following: (1) the defendant manufactured,
12 assembled, possessed, or sold an electronic, mechanical, or other
13 device; (2) the defendant knew or had reason to know that the
14 design of such device rendered it primarily useful for the
15 purpose of the surreptitious interception of wire, oral, or
16 electronic communications; and (3) the defendant knew or had
17 reason to know that such device or any component thereof had been
18 or would be sent through the mail or transported in interstate or
19 foreign commerce.   18 U.S.C. § 2512(1)(b).

20 J.   18 U.S.C. § 1001 (False Statements) (counts one-hundred-
      eight, one-hundred-nine)

21

22      1.   Statutory Language

23      Title 18, United States Code, Section 1001 provides, in

24 pertinent part:

25 ─────────────────────

26      [2]   Section 2512(2)(B) provides for a defense in the
   limited circumstance when the manufacturer or possessor has a
27 contract with a federal or state governmental authority to
   lawfully possess the materials.  No such contract existed here.

28
                                35

[W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the government of the United States, knowingly and willfully . . . (2) makes any materially false, fictitious, or fraudulent statement or representation . . . shall be fined under this title, imprisoned not more than five years, or both.

2.   Elements

For a defendant to be guilty of having made a false statement, the government must prove the following: (1) the defendant made a false statement in a matter within the jurisdiction of a department of the United States; (2) the defendant acted willfully, that is deliberately and with knowledge that the statement was untrue; and (3) the statement was material to the department's activities or decisions.   Ninth Circuit Model Criminal Jury Instruction No. 8.66.

3.   Applicable Law

Under Section 1001, the question of whether a matter comes within the jurisdiction of a department of the United States -- in this case, the Federal Bureau of Investigation -- is a matter of law to be decided by the Court.   Commentary, Ninth Circuit Model Criminal Jury Instruction No. 8.66.   Moreover, it is well established that statements made to the Federal Bureau of Investigation during the course of a criminal investigation are statements made within the jurisdiction of that department. United States v. Rogers, 466 U.S. 475, 479 (1984).

36

1        To establish that a defendant has acted willfully, all that
2   must be proven is that the defendant deliberately told the
3   government agent a statement that the defendant knew to be
4   untrue.  It is irrelevant whether, in doing so, the defendant
5   acted with the intention of influencing the government agent when
6   making the false statement.  <u>United States v. Yermian</u>, 468 U.S.
7   63, 73 (1984).

8        The materiality of a false statement is tested at the time
9   the alleged false statement was made.  <u>United States v. McKenna</u>,
10  327 F.3d 830, 839 (9th Cir. 2003).[3]  Furthermore, in assessing
11  whether a statement was material to the activities or decisions
12  of the Federal Bureau of Investigation, it is irrelevant whether
13  the agents knew at the time the statement was made that the
14  statement was false.  Instead, the critical issue in determining
15  materiality is whether the false statement was of a <u>type</u> that
16  could have influenced the agency's decisions or activities.  For
17  example, in <u>United States v. Brogan</u>, 522 U.S. 398 (1998), the
18  Supreme Court considered whether an "exculpatory no" in response
19  to a question from federal agents about whether the defendant, a
20  union officer, had accepted impermissible cash payments was
21  material given that the agents knew at the time the statement was

22

23  _____

24       [3]   <u>McKenna</u> involves an analysis of materiality in a
    perjury context.  However, in <u>Kungys v. United States</u>, 485 U.S.
25  759, 770 (1988), the Supreme Court found that "the federal courts
    have long displayed a quite uniform understanding of the
26  materiality concept as embodied in such statutes [including
    Sections 1001 and 1621]."  <u>See also</u>, <u>United States v. Berger</u>, 473
27  F.3d 1080, 1098 (9th Cir. 2007) (same).

28                                  37

1  made that the statement was false.   In finding that the statement

2  was material, the Supreme Court stated:

> We cannot imagine how it could be true that falsely
> denying guilt in a government investigation does
> not pervert a governmental function.   Certainly the
> investigation of wrongdoing is a proper
> governmental function and; since it is the very
> *purpose* of an investigation to uncover the truth,
> any falsehood relating to the subject of the
> investigation perverts that function.   It could be
> argued perhaps, that a disbelieved falsehood does
> not pervert an investigation.   But making the
> existence of this crime turn upon the credulousness
> of the federal investigator (or the persuasiveness
> of the liar) would be exceedingly strange. . .

10  Brogan, 522 U.S. at 399-400.   Similarly, in United States v.

11  Goldfine, 538 F.2d 815 (9th Cir. 1976), the Ninth Circuit

12  considered a challenge to materiality where the federal agents

13  knew the statement at issue to be false at the time it was made,

14  and therefore conceded they had not been misled or influenced by

15  the false statement.   In concluding that the statement was

16  material, the Goldfine court stated:

> We believe that the conduct Congress intended to
> prevent by [Section] 1001 was the willful
> submission to federal agencies of false statements
> calculated to induce agency reliance on action
> irrespective of whether actual favorable agency
> action was, for other reasons, impossible.   We
> think the test is the intrinsic capabilities of the
> false statement itself, rather than the possibility
> of the actual attainment of its end as measured by
> collateral circumstances.

Goldfine, 538 F.2d at 820-21 (quoting United States v. Quirk, 167

F.Supp. 462, 464 (E.D. Pa. 1958)).   See also United States v.

McBane, 433 F.3d 344, 350-51 (3d Cir. 2005) (citing Goldfine for

proposition that the issue of materiality is not whether the

government was misled but whether the statement was of a type capable of influencing a reasonable decision maker); <u>United States v. Whitaker</u>, 848 F.2d 914, 916 (8th Cir. 1988) (citing <u>Goldfine</u> for proposition that "it is irrelevant what the agent who heard the statement knew at the time the statement was made"); <u>United States v. Fern</u>, 696 F.2d 1269, 1273 (11th Cir. 1983) (citing <u>Goldfine</u> for the proposition that the fact that the government is not influenced by the false statement is immaterial).  As the Ninth Circuit reiterated in <u>United States v. Service Deli Inc.</u>, 151 F.3d 938, 941 (9th Cir. 1998), "the test is the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its ends as measured by collateral circumstances."

K.   <u>18 U.S.C. § 1512(c)(1) (Destruction Of Evidence) (count one-hundred-ten)</u>

1.   <u>Statutory Language</u>

Title 18, United States Code, Section 1512(c)(1) provides, in pertinent part:

[W]hoever corruptly alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding shall be fined under this title or imprisoned not more than 20 years, or both.

2.   <u>Elements</u>

For a defendant to be guilty of destruction of evidence, the government must prove the following: (1) the defendant acted corruptly; (2) the defendant altered, destroyed, mutilated or

concealed a record, document or other object; and (3) the
defendant acted with the intent to impair the object's
availability for use in an official proceeding.   18 U.S.C. §
1512(c)(1).

   3.   Applicable Law

   For purposes of this provision, a defendant acts corruptly
when he intends to wrongfully impede the due administration of
justice.   United States v. Matthews, 505 F.3d 698, 704-05 (7th
Cir. 2007); see also Arthur Anderson LLP v. United States, 544
U.S. 696, 705-06 (2005) (noting that the term corruptly is
usually associated with wrongful, depraved or evil conduct).   An
official proceeding need not be pending or about to be instituted
at the time of the offense, but one must at least be
contemplated.   18 U.S.C. § 1512(f)(1); Arthur Anderson LLP, 544
U.S. at 707-08.   Furthermore, there need not be any showing that
the item destroyed would have been admissible in any such
proceeding.   18 U.S.C. § 1512(f)(2).

L.   18 U.S.C. § 2 (Aiding and Abetting and Causing an Act to be
     Done) (all counts)

   1.   Statutory Language

   Title 18, United States Code, Section 2, provides, in
pertinent part:

   [W]hoever commits an offense against the United States or
aids, abets, counsels, commands, induces or procures its
commission, is punishable as a principal.

   2.   Elements

   For a defendant to be guilty of aiding and abetting an

40

1 offense, the government must prove the following: (1) the
2 underlying crime was committed by someone; (2) the defendant
3 knowingly and intentionally aided, counseled, commanded, induced
4 or procured that person to commit the crime; and (3) the
5 defendant acted before the crime was completed.   Ninth Circuit
6 Model Criminal Jury Instruction No. 5.1 (2003)

7        3.   Applicable Law

8        It is not a prerequisite to conviction for aiding and
9 abetting that the principal be convicted, indicted, or even
10 identified, although the government must prove that someone
11 committed the underlying crime.   See United States v. Mann, 811
12 F.2d 495, 497 (9th Cir. 1987); United States v. Barnett, 667 F.2d
13 at 835, 841 (9th Cir. 1982).   Instead, in order to establish a
14 defendant's guilt as an aider and abetter, the government must
15 prove that the defendant knowingly associated himself with a
16 criminal venture and by his participation in that venture sought
17 to make it succeed.   See United States v. Vaccaro, 816 F.2d 443,
18 455 (9th Cir. 1987); United States v. Vaughn, 797 F.2d 1485, 1492
19 (9th Cir. 1986); United States v. McKoy, 771 F.2d 1207, 1215 (9th
20 Cir. 1985).   Conscious assistance in the planning of a crime is a
21 sufficient basis for aider and abetter liability.   See McKoy, 771
22 F.2d at 1216; United States v. Barnett, 667 F.2d 835, 841-842
23 (9th Cir. 1982).

24
25
26
27
28                                    41