THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
DANIEL A. SAUNDERS (Cal. Bar #161051)
daniel.saunders@usdoj.gov
KEVIN M. LALLY (Cal. Bar #226402)
kevin.lally@usdoj.gov
Assistant United States Attorneys
Violent & Organized Crime Section
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2272/2170
Facsimile: (213) 894-3713

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 05-1046(E)-DSF |
| Plaintiff, | ) | GOVERNMENT'S BRIEF RE: COURT'S AUTHORITY TO ENFORCE PRETRIAL MOTIONS CUTOFF |
| v. | ) | |
| ANTHONY PELLICANO, et al., | ) | |
| Defendants. | ) | |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Daniel A. Saunders and Kevin M. Lally, hereby files this brief regarding the court's authority to enforce its previously imposed deadline for the filing of pretrial substantive motions, as discussed at the status conference on May 28, 2008.

Rule 12(c) of the Federal Rules of Criminal Procedure provides that a district court "may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to

make pretrial motions and may also schedule a motion hearing."
Fed. R. Crim. P. 12(c).  The Advisory Committee Notes to Rule 12
explain that "judges should be encouraged to set deadlines for
motions" in order to "promote[] more efficient case management,
especially when there is a heavy docket of pending cases."  Fed.
R. Crim. P. 12, Advisory Committee Notes (2002 Amendments).  This
express grant of authority to the court to impose a motions
cutoff date would be meaningless if courts were required to hear
motions filed by criminal defendants after that date.  Indeed,
Rule 12(e) provides that "any Rule 12(b)(3) defense, objection,
or request" is waived if not raised by "the deadline the court
sets under Rule 12(c) or by any extension the court provides."
Fed. R. Crim. P. 12(e).[1]  The court may grant relief from such
waiver only "[f]or good cause."  Id.

     In United States v. Torres, 908 F.2d 1417, 1424 (9th Cir.
1990), the district court denied as untimely the defendants'
motion to dismiss the indictment on the ground of an alleged
Title III violation.  The defendants filed their motion prior to
trial, but three months after the hearing date that the district
court had set for motions to suppress the wiretap evidence.  Id.
at 1420-21, 1424.  On appeal, the Ninth Circuit affirmed,
reasoning that "[t]he district court sets the time for the making
of pretrial motions or requests" under Rule 12(c) and that "[a]n

---

[1]     Rule 12(b)(3) governs a motion alleging a defect in
instituting the prosecution, a motion alleging a defect in the
indictment or information, a motion to suppress evidence, a
motion for severance, or a motion for discovery - all of which
defendant Christensen has indicated he intends to file (more than
seven months after expiration of the court's deadline for the
filing of such motions).

unjustified failure to make a timely motion to suppress pursuant to Rule 41(f) and Rule 12 constitutes a waiver of that right." Id. at 1424.  The Ninth Circuit found that the defendants had been provided with the wiretap application, affidavit and order over five months before the court-imposed hearing date, and had provided "no valid excuse for their failure to file their motion in a timely fashion."   Id.[2]

Similarly, in United States v. Bogard, 846 F.2d 563, 567-68 (9th Cir. 1988), superseded by Rule on other grounds as recognized in Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996), the Ninth Circuit affirmed the denial of a pretrial motion to inspect jury lists on the ground that it was filed after the motions cut-off date imposed by the Magistrate Judge.  The court reasoned that the Magistrate Judge was entitled under Rule 12(c) to set a reasonable deadline for pretrial motions, and that "the need for prompt and efficient use of federal judicial resources" justified denying the defendant's motion as untimely, at least where defendant had failed to present any explanation that warranted a waiver of the deadline. Id. at 568.

On June 5, 2007, this Court, pursuant to the stipulation of the parties (including defendant Christensen), continued the

---

[2]     The Ninth Circuit has reached the same result in a number of unpublished decisions, relying on the district court's authority to impose and enforce a cut-off date for pretrial motions under Rule 12(c).  See, e.g., United States v. Wright, 188 Fed. Appx. 621, 623 (9th Cir. 2006); United States v. Zidar, 178 Fed. Appx. 673, 675-76 (9th Cir. 2006); United States v. Obermeyer, 65 F.3d 177, 1995 WL 501509 at *2 (9th Cir. 1995); United States v. Velasquez, 991 F.2d 804, 1993 WL 117405 at *3 (9th Cir. 1993).

1  trial date to February 27, 2008, and imposed a motion cut-off
2  date of October 22, 2007, for "all pretrial motions, excluding
3  motions in limine."  On February 19, 2008, the Court granted
4  defendant Christensen's motion to sever, but did not reopen the
5  filing of pretrial motions, the deadline for which had expired
6  four months earlier.  The government respectfully submits that
7  defendant Christensen, who has previously inundated the Court and
8  the government with a deluge of oversized pretrial motions
9  (virtually all of which have been found to be completely without
10  merit), should not be permitted to use the severance of his
11  charges as a means to circumvent the previously ordered motion
12  cut-off date.  To that end, the government requests that the
13  Court require defendant Christensen not only to justify the
14  filing of any motion for reconsideration under Local Rule 7-18
15  prior to requiring the government to respond (as ordered at the
16  May 28 status conference), but also to make the requisite showing
17  of good cause prior to requiring the government to respond to any
18  other substantive motion (including discovery motions) filed in
19  violation of the stipulated, ordered, and long-expired deadline.
20  DATED: May 30, 2008

21                              Respectfully submitted,

22                              THOMAS P. O'BRIEN
                                United States Attorney
23
                                CHRISTINE C. EWELL
24                              Assistant United States Attorney
                                Chief, Criminal Division
25
26
27                              _____
                                DANIEL A. SAUNDERS
                                KEVIN M. LALLY
28                              Assistant United States Attorneys
                                Violent & Organized Crime Section