THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
DANIEL A. SAUNDERS (Cal. Bar #161051)
daniel.saunders@usdoj.gov
KEVIN M. LALLY (Cal. Bar #226402)
kevin.lally@usdoj.gov
Assistant United States Attorneys
Violent & Organized Crime Section
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2272/2170
Facsimile: (213) 894-3713

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY PELLICANO, et al., <br><br> Defendants. | No. CR 05-1046(E)-DSF <br><br> GOVERNMENT'S OPPOSITION TO DEFENDANT TERRY CHRISTENSEN'S MOTION IN LIMINE TO EXCLUDE IRRELEVANT REFERENCES FROM ALEC GORES' TESTIMONY CONCERNING ANY CONTACTS WITH PATRICIA L. GLASER |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Daniel A. Saunders and Kevin M. Lally, hereby submits its opposition to defendant Terry Christensen's Motion in Limine to Exclude Irrelevant References From Alec Gores' Testimony Concerning Any Contacts With Patricia L. Glaser.

In moving to disqualify Patricia Glaser from representing defendant, the government pointed out, among other issues, that it expected to introduce testimony by Alec Gores that he was

referred to Pellicano in 2000 by Ms. Glaser, and to rely upon such testimony (in conjunction with other evidence) to establish a relationship between defendant's law firm and Pellicano that predated what defendant has characterized as Pellicano's "out of the blue" phone call to him in March 2002. In opposing disqualification, defendant and his counsel submitted declarations stating that defendant had been expressly advised of this potential conflict and had knowingly and voluntarily waived it. (See Declaration of Mary Carter Andrues re: Court's Order Denying Disqualification of Counsel ¶ 5(e)). Astonishingly, defendant now seeks to preclude Mr. Gores' testimony on this subject on the ground that Ms. Glaser is representing defendant and that the testimony "might negatively influence the jury's view of Glaser and undermine her ability to conduct Christensen's defense." <u>This is the precise argument that the government foresaw and that defendant, in opposing disqualification and waiving the conflict, assured the Court that he would never make.</u>

Defendant has already claimed in opening statement that Pellicano solicited defendant and "begged" to be involved in the Kerkorian matter. Defendant sought to establish through cross-examination of Tarita Virtue that he was not a prior client of Pellicano's and (unsuccessfully) that his name did not appear in Pellicano's contact list. Defendant has placed in issue the nature of his - and his law firm's - preexisting relationship with Pellicano, which will be addressed through Mr. Gores' testimony (and, depending on the vigor with which defendant

2

pursues his misleading claims, potentially other evidence). The testimony is relevant to establishing the nature and duration of the relationship between defendant's firm and Pellicano. Moreover, because the only potential prejudice stems from a conflict that defendant has knowingly and voluntarily waived, Rule 403 does not support exclusion of this relevant evidence.

For the foregoing reasons, defendant's motion to preclude Alec Gores' testimony should be denied.

DATED:     August 4, 2008

                        Respectfully submitted,

                        THOMAS P. O'BRIEN
                        United States Attorney

                        CHRISTINE C. EWELL
                        Assistant United States Attorney
                        Chief, Criminal Division

                        _/s/_____
                        DANIEL A. SAUNDERS
                        KEVIN M. LALLY
                        Assistant United States Attorneys
                        Violent & Organized Crime Section

                        Attorneys for Plaintiff
                        United States of America

CERTIFICATE OF SERVICE

I, SUSANA ZAMBRANO, declare:

That I am a citizen of the United States and resident or employed in Los Angeles, County, California; that my business address is Office of United States Attorney, Federal Courthouse 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service by mail described in this Certificate was made; that on **August 4, 2008**, I hand delivered, a copy of: GOVERNMENT'S OPPOSITION TO DEFENDANT TERRY CHRISTENSEN'S MOTION IN LIMINE TO EXCLUDE IRRELEVANT REFERENCES FROM ALEC GORES' TESTIMONY CONCERNING ANY CONTACTS WITH PATRICIA L. GLASER

**service was:**

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[ ] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[X] By hand delivery addressed as follows:

[ ] By facsimile as follows:

[ ] By messenger as follows:

[ ] By federal express as follows:

**Anthony J. Pellicano**
Reg. No. 21568-112
c/o MDC Legal Center
MDC-Los Angeles
P.O. Box 1500
Los Angeles, CA 90053

at which place a delivery service was done by hand.

This Certificate is executed on **August 4, 2008**, at Los Angeles, California. I certify under penalty of perjury that the foregoing is true and correct.

_____
(Legal Assistant) Susana Zambrano