STEVEN F. GRUEL (CSBN 213148)

315 Montgomery Street, 9th Floor
San Francisco, California 94104
Telephone Number (415) 989-1253
Fax Number (415) 829-4304

www.gruellaw.com

Attorney for Anthony Pellicano

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR-05-1046-DSF |
|---|---|
| Plaintiff, | SECOND DECLARATION OF STEVEN F. GRUEL IN SUPPORT OF ANTHONY PELLICANO'S MOTION FOR BAIL PENDING APPEAL |
| Vs. | |
| ANTHONY PELLICANO, | Title 18 U.S.C. § 3143(b) |
| Defendant. | Honorable Dale S. Fischer |
| | Date: August 13, 2012<br>Time: 8:30 a.m.<br>Courtroom: 840 |

I, STEVEN F. GRUEL, under penalty of perjury declare and state as follows:

1. I am a former federal prosecutor and served as such in the Northern District of California form 1989 to 2005. During my time as a federal prosecutor, I served as Chief of the Major Crimes Section and acting Chief of the Organized Crime Section. I personally prosecuted or supervised the

1

prosecution of hundreds of federal cases.  In all call cases where a defendant cooperated with the prosecution it was in exchange for the prosecution recommending either no prison time or a reduced sentence.

2. I reviewed the PACER docket sheet for Mr. Pellicano's first case before Judge Tevrizian, Cr:02- 1278-DT.  I know that on or about March 12, 2003, Judge Tevrizian denied the government's motion to revoke Mr. Pellicano's pretrial release predicated on the government's unsubstantiated allegation that Tarita Virtue was indirectly threatened by Mr. Pellicano (Docket # 50).  Although denied without prejudice, the government never appealed, charged or revisited the baseless claim that Mr. Pellicano threatened anyone, including Tarita Virtue.  In addition to never again coming forward to Judge Tevrizian or a grand jury to attempt to prove its story of witness intimidation by Mr. Pellicano, the government instead on two subsequent occasions agreed to allow Mr. Pellicano to travel to San Diego in July 2003 (Docket #96) and Las Vegas in November 2003 (Docket #110).

3. I have reviewed the PACER docket sheet for the federal prosecution of former Beverly Hills police officer for 23 years, Craig Stevens; Cr-06-0006-RGK.  As with Mark Arneson, former police officer Stevens was charged with seven felony counts including deprivation of honest services, computer fraud and false statements.  On January 9, 2006, because of his cooperation

with the prosecution, officer Stevens was not seen as a "danger" or "flight risk" and the prosecution agreed to officer Stevens' pretrial release on a mere $10,000 unsecured signature bond (Docket # 16). On May 4, 2009, upon the government's downward departure 5K1.1 motion for cooperation and recommended sentence of 6 months of house arrest, the Court sentenced Mr. Stevens to 5 years probation and a $10,000 fine. A year later (May 27, 2010), the probation officer advised the Court that former officer Stevens was abusing alcohol while on probation. The prosecution did nothing about cooperator's Stevens' probation violation.

4. I have reviewed the PACER docket sheet of the prosecution of Sandra Carradine; Cr-05-01030-CBM. Although she was charged with and convicted of two counts of perjury, the government never considered Ms. Carradine a danger. She was never detained and received a sentence of a mere 2 years on probation.

5. I am aware of the state prosecution of Mr. Pellicano for threats against Anita Busch. I am aware that Mr. Pellicano plead "no contest" in that case. The state court's sentence was ordered to run concurrent with the federal sentence and has already been served. Mr. Pellicano entered a "no contest" plea to a single count and received no additional prison time. Mr. Pellicano's no contest plea was driven by the fact that he suffered from

3

blepharospasm for which he received no treatment while housed at the Los Angeles County Jail. The lack of treatment for this disorder was exacerbated in that as the case neared trial, the state prosecutor Ronald Goudy, told the Court that he intended to drop and refile the charges at the last minute notwithstanding Mr. Pellicano's desire to go to trial within the time provided by law. Mr. Goudy produced a letter stating witness Anita Busch suffered from some medical situation, and he said that trial would be delayed at least another 120 days. Rather than endure the lack of treatment at the L.A. County Jail for another 4 months, Mr. Pellicano pled "no contest." Judge William Sterling sentenced Mr. Pellicano and ordered that he be immediately returned to the Federal Prison in Safford.

6. The Pellicano Investigation Agency (PIA) has not been in existence since 2003. Mr. Pellicano has no clients, no assets, no "connections" to any federal, state or local law enforcement agencies, or to any private companies which could be used by him in any fashion whatsoever.

7. Attached hereto as Exhibit A are copies of several of the Jury Instructions given in the first Pellicano trial. These instructions include the definition of "deprivation of honest services," instructions related to a violation of the computer fraud statute in Title 18, United States Code, Section 1030(a)(4), the instruction relating to Section 67 of the California Penal Code.

8.  Attached hereto as Exhibit B is a copy of *United States v. Nosal*, 676 F.3d 854 (9th Cir. 2012). Chief Judge Kozinski, with a 9-2 vote, authored an opinion limiting the Computer Fraud and Abuse Act to an anti-hacking statute. Attached as Exhibit C is a July 25, 2012 article from the *San Francisco Daily Journal* discussing the limiting reach of the Computer Fraud and Abuse Act in light of the *en banc* decision in *Nosal*.

9.  Attached hereto is a copy of the Court's March 3, 2009, Order denying Defendant Ray Turner's request for bail pending appeal. The Court found that Mr. Turner was a danger to the community because the government alleged that he was engaging in loan application and tax fraud. Apparently the government claimed that it was investigating Mr. Turner on these new allegations. To my knowledge, Mr. Turner was never charged with any crimes stemming from the government's allegations. The Ninth Circuit did deny Mr. Turner's post-*Nosal* motion for reconsideration of the denial for bail pending appeal. However, contrary to the prosecution's representations, the appellate court's one page denial was summary, provided no analysis of the *Nosal* case and merely said that Mr. Turner did not satisfy his burden. This single page Order was not included in the government's hundreds of pages of exhibits.

10. Attached as Exhibit E a copy of the State of California's Certificate of Discharge issued for Anthony Pellicano by the Department of Corrections and Rehabilitation. This Certificate establishes that Mr. Pellicano has been discharged from the jurisdiction of the California Department of Corrections of all existing felony commitments.

11. The government has repeatedly said that Mr. Pellicano and Jerry Scalise had a plot to intimidate Alex Proctor. As with the story of intimidating Tarita Virtue, the prosecution has done nothing to substantiate its words. The prosecution has attached a copy of the Jerry Scalise's plea agreement with the Northern District of Illinois as Exhibit L in its opposition to Mr. Pellicano. Notwithstanding the two extensive investigations and prosecutions of Pellicano and Scalise, there is nothing in either case about a plot to intimidate Mr. Proctor.

12. Blepharospasm is a brain disorder which causes the eyelids to involuntary shut as long as 20 to 30 seconds. Mr. Pellicano has suffered from this disorder for over three years. He does not purport to be infirm or too old. But, while his movements are impaired by this brain disorder, with treatment he can function normally. The government maintains that Mr. Pellicano's prison reports show him to be receiving treatment for this brain disorder. That is false. In fact, the government relies upon an outdated report that was

generated while Mr. Pellicano was in Safford, Arizona. *See Government Exhibit O*. Mr. Pellicano has been at Big Spring, Texas since May 5, 2011 and although he has attempted to get treatment, he has yet to receive medical attention for his disorder. On June 29, 2012 (three days after the government's opposition to bail pending appeal was filed) Mr. Pellicano was transported to the neurological clinic of Dr. Abdul Kadir in Odessa, Texas to receive treatment for his disorder. Dr. Kadir was unable to provide treatment for Mr. Pellicano because he was trained for the necessary procedures to treat the disorder. Mr. Pellicano was returned to Big Spring, Texas where to date he has yet to receive any treatment.

13. The following are Mr. Pellicano's words about flight and danger:

"Mr. Pellicano adamantly declares that there is no running in him. He simply would never think of running like a coward. He simply is not by evidence of his demeanor and character. If he wanted to opt out all he had to do is chose to testify and render cooperation to the prosecution as they had alluded to on numerous occasions. Those conversations are well known to the prosecution and if they truthfully related those conversations to the Court the Court would have a true understanding of what occurred and when.

"Mr. Pellicano is no runner. If he wanted to run, he would have ran many years ago. He chose to face the music and clearly did so. The government has used every effort to continue these proceedings which indicate to Mr. Pellicano that he will prevail."

"Mr. Pellicano is simply not a danger to the community or flight risk and the prosecution knows this. He has not the means, nor desire to be anything but a good father, son and family member and to spend the remaining life he has in peace."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on August 6, 2012, in San Francisco, California.

                         __/s/_ STEVEN F. GRUEL_____
                         STEVEN F. GRUEL
                         Attorney for Anthony Pellicano