# EXHIBIT A

FILED
CLERK, U.S. DISTRICT COURT

MAY 15 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05-1046(E)-DSF |
| Plaintiff, | JURY INSTRUCTIONS |
| v. | |
| ANTHONY PELLICANO, et al., | |
| Defendants. | |

INSTRUCTION NO. 42

Deprivation of honest services occurs when a public official strays from his duty of honesty and loyalty to the public by making decisions based on his own personal interests instead of the public's interests.  However, it does not encompass every instance of official misconduct that results in the official's personal gain.  In order for a defendant to be found guilty of honest services wire fraud, he must have actually intended to deprive the public of his honest services.  An intent to defraud of honest services exists when the scheme is reasonably calculated to deceive persons of ordinary prudence and comprehension, which you can find by examining the scheme itself.

1        INSTRUCTION NO. 45

2

3        The following defendants are charged in the following

4  racketeering acts and counts with identity theft, in violation

5  of Section 1028(a)(7) of Title 18 of the United States Code:

6        ANTHONY PELLICANO          Racketeering Acts 47 through
                                     69
7                                    Counts 37 through 41, 51
                                     through 54, and 59 through
8                                    62

9        MARK ARNESON               Racketeering Acts 47 through
                                     58
10                                   Counts 37 through 41

11       RAYFORD EARL TURNER        Racketeering Acts 65 through
                                     69
12                                   Counts 59 through 62

13       In order for a defendant to be found guilty of identity

14  theft, the government must prove each of the following

15  elements beyond a reasonable doubt:

16       First, the defendant knowingly possessed, used, or

17  transferred, or caused to be possessed, used, or transferred,

18  a means of identification of another person;

19       Second, in doing so, the defendant acted without lawful

20  authority, that is without the owner's permission to use the

21  means of identification;

22       Third, the possession, transfer, or use was in or

23  affected interstate commerce; and

24       Fourth, when possessing, transferring, or using the means

25  of identification, or causing it to be transferred, possessed,

26  or used, the defendant acted with the intent to commit, or aid

27  or abet the commission of, computer fraud, in violation of

28  Title 18, United States Code, Section 1030(a)(4), or

Case 2:05-cr-01046-DSF   Document 2532-1   Filed 08/06/12   Page 5 of 11   Page ID
#:32172
Case 2:05-cr-01046-DSF   Document 1606   Filed 05/15/08   Page 53 of 92

1   unauthorized access to computers, in violation of California

2   Penal Code Section 502(c)(2).

3        "Unauthorized access of computers" is the knowing access

4   and taking, copying, or making use of data or supporting

5   documentation from a computer, computer system, or computer

6   network without permission to do so.

7        "Computer fraud" will be described further in later

8   instructions.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

1                              INSTRUCTION NO. 49

2

3        Defendant Pellicano is charged in Racketeering Acts

4 Seventy through Seventy-Nine with giving or offering bribes to

5 an executive officer, in violation of Section 67 of the

6 California Penal Code.

7        In order for a defendant to be guilty of that charge, the

8 government must prove each of the following elements beyond a

9 reasonable doubt:

10       First, the defendant gave or offered a bribe to an

11 executive officer in this state; and

12       Second, the defendant acted with the corrupt intent to

13 unlawfully influence that officer's official act, decision,

14 vote, opinion, or other proceeding.

15       As used here, bribe means something of present or future

16 value or advantage, or a promise to give such a thing, that is

17 given or offered with the corrupt intent to unlawfully

18 influence the public or official action, decision, vote, or

19 opinion, or conduct at other proceedings of the person to whom

20 the bribe is offered.

21       A person acts with corrupt intent when he or she acts to

22 wrongfully gain a financial or other advantage for himself or

23 someone else.

24       The official act, decision, vote, opinion, or proceeding

25 the defendant sought to influence must have related to an

26 existing subject that could have been brought before the

27 public officer in his official capacity.  It does not have to

28

1 relate to a duty specifically given by statute to that

2 officer.

3      An executive officer is a government official who may use

4 his own discretion in performing his job duties.  A police

5 officer is an executive officer.

6      The executive officer does not need to have accepted the

7 bribe or performed the requested act or deliberately failed to

8 perform a duty.

9      Offering a bribe does not require specific words or

10 behavior, as long as the language used and the circumstances

11 clearly show an intent to bribe.  The thing offered does not

12 need to actually be given, exist at the time it is offered, or

13 have a specific value.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                           INSTRUCTION NO. 66

2

3        The following defendants are charged in the following

4   counts of the Indictment with unauthorized computer access of

5   United States agency information, in violation of Sections

6   1030(a)(2)(B), (c)(2)(B)(i) of Title 18 of the United States

7   Code:

8        ANTHONY PELLICANO              COUNTS 20 through 36, 49
                                        through 50
9
         MARK ARNESON                   COUNTS 20 through 36
10

11       In order for a defendant to be found guilty of having

12  committed the offense of unauthorized computer access of United

13  States agency information, the government must prove each of

14  the following elements beyond a reasonable doubt:

15       First, the defendant intentionally accessed without

16  authorization or exceeded authorized access to a computer;

17       Second, by accessing without authorization or exceeding

18  authorized access to a computer, the defendant obtained

19  information from any department or agency of the United States;

20  and

21       Third, the defendant acted for the purpose of commercial

22  advantage or private financial gain.

23

24

25

26

27

28

                                    81

1                          INSTRUCTION NO. 67

2

3        The following defendants are charged in the following

4   counts of the Indictment with computer fraud, in violation of

5   Section 1030(a)(4) of Title 18 of the United States Code:

6        ANTHONY PELLICANO                  COUNTS 42 through 46 and 55
                                             through 58
7
         MARK ARNESON                        COUNTS 42 through 46
8

9        In order for a defendant to be found guilty of having

10  committed the offense of computer fraud, the government must

11  prove each of the following elements beyond a reasonable doubt:

12       First, the defendant knowingly accessed without

13  authorization or exceeded authorized access of a computer that

14  was used in interstate or foreign commerce or communication;

15       Second, the defendant did so with the intent to defraud,

16  that is, an intent to deceive or cheat;

17       Third, by accessing the computer without authorization or

18  exceeding authorized access to the computer, the defendant

19  furthered the intended fraud; and

20       Fourth, the defendant, by accessing the computer without

21  authorization or by exceeding authorized access to the

22  computer, obtained anything of value.

23       The value of information is relative to one's needs and

24  objectives.  Access for mere idle curiosity is not sufficient.

25

26

27

28

                                    82

INSTRUCTION NO. 68

Defendants Pellicano and Turner are charged in Counts Sixty-Three through Sixty-Six of the Indictment with aiding and abetting computer fraud in violation of Section 1030(a)(4) and Section 2 of Title 18 of the United States Code.

In order for a defendant to be found guilty of aiding and abetting computer fraud, the government must prove each of the following elements beyond a reasonable doubt:

First, the crime of computer fraud was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit the crime of computer fraud; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

83

1                          INSTRUCTION NO. 69

2

3        For purposes of the preceding three instructions, a

4   defendant exceeds authorized access to a computer when the

5   defendant accesses a computer with authorization but uses such

6   access to obtain information in the computer that the defendant

7   is not entitled to obtain.

8        A defendant obtains information merely by observing it on

9   the computer and need not remove the information from the

10  computer to have violated this section.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28